## DeMuinck et al. v. State of Indiana.

[No. 13,584. Filed April 17, 1929. Rehearing denied May 31, 1929.]

*John G. Yeagley* and *George Sands,* for appellants.
*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

McMahan, P. J.—Tillie DeMuinck, Raymond De-Muinck and Felix Levens were indicted for violating the liquor law. The indictment was in two counts, the first being for unlawfully selling intoxicating liquor and the second for maintaining a common nuisance by keeping and assisting in keeping a place where such liquors were kept for sale and where persons were permitted to resort for the purpose of drinking such liquors as a beverage. There was a trial by jury. The first two named defendants were found guilty on the first count. All three defendants were found guilty on the second count. The jury fixed the punishment of each defendant at a fine of $500, and imprisonment in the county jail for six months on each count on which each defendant was found guilty. The court sentenced Mrs. De-Muinck to imprisonment in the correctional department of the women's prison and the other two defendants to the state farm, instead of to the county jail. The overruling of each defendant's motion for a new trial is assigned as error.

The first contention of Mrs. DeMuinck is that the judgment of the court committing her to imprisonment in the Women's Prison instead of the county jail is not valid. We hold otherwise. Under §12473 Burns 1926, Acts 1921 p. 497, it was the duty of the court to commit Mrs. DeMuinck to the correctional department of the Women's Prison. As was said by the court in *Roberts* v. *State* (1921), 190 Ind. 232, 130 N. E. 125: "Appellant does not point to any record where a motion was made to modify or change the judgment, or to strike out what she claims to be an erroneous part of the judgment. Such a question cannot be raised for the first time by assignment of error in this court."

The evidence shows that Mrs. DeMuinck operated a place where soft drinks, tobacco, etc., were sold. She was assisted by her son Raymond and appellant Levens.

On September 26, 1924, four policemen, armed with a search warrant, went to the place for the purpose of making a search for intoxicating liquor. When the officers entered the barroom, no one was in the room other than two customers, who were standing in front of the bar. A very short time thereafter, Raymond entered from a rear room carrying two small glasses of whisky in his hands. One of the officers, seeing Raymond with his hands behind him, caught hold of him as he was in the act of turning his hands so as to pour the liquor on the floor. Part of the liquor was poured out, one of the glasses was dropped on the floor, and some of the liquor saved. The search warrant was then read to Raymond and the place searched, but nothing more was found. The same officers returned the next day with another search warrant and again searched the place. All evidence as to the result of the last search was stricken out when the State was unable to produce the warrant under which it was made.

Appellants contend the court erred in allowing the affidavit and search warrant, under which the first search was made, to be read in evidence. But, inasmuch as nothing was found on that day, except the two glasses of whisky which Raymond was carrying in his hands, presumably to deliver to the two customers at the bar, we fail to see how appellants were harmed by the reading of the affidavit and search warrant in evidence.

The two glasses which Raymond had in his hands and the bottle containing the whisky taken from Raymond were, over the objection of appellants, introduced in evidence, or, more properly speaking, were exhibited to the jury. Appellants contend this was error, because of claimed illegality of the search warrant. This evidence was not found or taken by virtue of the search warrant. The barroom was a public place, which the officers had a right to enter without

a search warrant. On entering the place, they saw Raymond coming through the door from another room with the two glasses of whisky in his possession, which was an unlawful act. They saw him attempt to pour the liquor out; they saved a part of the liquor and placed the boy under arrest. Raymond was committing a misdemeanor in the presence of the officers, and they were within their rights in arresting him and in taking the liquor from him. No search warrant was needed for that purpose. The search was not made until after Raymond had been placed under arrest and the liquor found in his hands. There was no error in admitting this evidence.

A number of witnesses testified that they had purchased wine and whisky of Mrs. DeMuinck and Raymond on different occasions. These same witnesses testified that appellant Levens was, at times, behind the bar waiting on customers, although there is no evidence that he actually sold any intoxicating liquor to any of the witnesses. The testimony of these witnesses stands unimpeached, and if believed, conclusively established the guilt of all appellants. It shows that two of them sold intoxicating liquor and that all three were guilty of maintaining or assisting in maintaining a common nuisance.

Instruction 7, of which complaint is made, is to the effect that in determining the criminal responsibility of the owner of a place for a sale made by an agent of the owner, by reason of having authorized such unlawful sale, other unlawful sales by the agent in the presence of the owner might be considered. The only objection to this instruction is that there is no evidence to which it can be applicable. The evidence however, is ample to justify the giving of such an instruction.

Judgment affirmed.

## PETITION FOR REHEARING.

McMAHAN, P. J.—Appellants, in support of their petition for rehearing, say this court had no authority to decide this case, and that the jurisdiction is in the Supreme Court. In support of this contention, appellants say the act of March 12, 1929, Acts 1929 p. 429, ch. 123, is unconstitutional because no provision is made for a review of the decisions of this court by the Supreme Court. The answer to this contention is that the action of the Supreme Court in transferring the cause is conclusive, in so far as this court is concerned. It would be quite presumptuous for us to hold otherwise.

Rehearing denied.