SPRINGER *v.* STATE OF INDIANA

[No. 28,175. Filed May 14, 1946.]

Lee J. Hartzell, Levi A. Todd, and Herman F. Busse, all of Fort Wayne, for appellant.

James A. Emmert, Attorney General, and Frank E. Coughlin, First Assistant Attorney General, for the State.

O'MALLEY, J.—An affidavit charging malicious trespass was filed against the appellant. The charge was drawn under § 10-4509, Burns' 1942 Replacement, and grew out of the shooting of a police dog in Waynedale, Allen County, Indiana. Trial was had before the court, without a jury being called, and at its conclusion the defendant was found guilty as charged and assessed a fine in the sum of $100.00 and costs. The only question raised relates to the sufficiency of the evidence to support the judgment of conviction.

Three propositions are made to support the appeal of the defendant below, appellant herein. The first claims that no malice was shown by the evidence, that since the defendant did not know the owner of the dog, there could be no malice in the shooting. The second proposition asserts that defendant had the right to kill the dog because it had crippled and killed some of his chickens. The third is that it was a roaming dog and subject to be killed by appellant under the "roaming dog" statute.

To sustain the charge placed against the defendant, it was necessary to prove that the killing of the dog was maliciously or mischievously done. In 1, 2. Barber v. State (1927), 199 Ind. 146, 149, 155 N. E. 819, 820, this court, while considering the statute under which this charge was made, commented as follows:

"To characterize an act as having been done maliciously and mischievously amounts to a state-

ment that such act was wrongful and done intentionally, without just cause or excuse, . . . ."

The killing of the dog by appellant was admitted. The circumstances under which it happened were in dispute. The defendant claimed the dog with another was caught in the act of eating one of his chickens; that the defendant then went into his home, secured his gun and shot the dog and that it then ran away from his property. However, there was evidence that the dog was shot while on the property of a neighbor; that it did not run after the shooting; that an examination of the mouth of the dog disclosed no evidence of blood, meat or feathers; and that if it had been eating a chicken as claimed by the defendant below, traces of the chicken would have been present in its mouth.

The court below was thus presented with an admitted killing which was claimed to be justifiable and lawful. This presented a factual situation which necessitated the weighing of the evidence. There was some substantial evidence from which the court could have found that the killing was not done as claimed by the defendant; that it was wrongful, intentional, and without just cause or excuse. There likewise was sufficient evidence from which the court could have inferred that the dog had not crippled or killed any of the chickens of the appellant. There was no evidence that this dog was vicious or roaming.

Since the evidence is conflicting and the court below found against appellant on each of the three claims, it is not the duty or privilege of this court to disturb the decision thus made by the trier of the facts. *Appelby* v. *State* (1943), 221 Ind. 544, 48 N. E. (2d) 646, 49 N. E. (2d) 533.

No error which necessitates a reversal of this cause

having been shown by the appellant, the judgment of the lower court is affirmed.

NOTE.—Reported in 66 N. E. (2d) 529.