ANDREW BARNETT *v.* STATE OF INDIANA.

[No. 770S153. Filed April 21, 1971. No petition for rehearing filed.]

*Alex Clark, Michael T. Dugan, II,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with assault with intent to kill. Trial by court resulted in a finding of guilty following which appellant was sentenced to the Indiana State Prison for not less than one nor more than ten years.

The record reveals the following facts:

On November 1, 1968, appellant entered the Haughville Tavern. Henry Turner, who was in the tavern, had allegedly robbed the appellant the day before. The two men got into an altercation ending in a struggle over appellant's pistol, which discharged during the struggle wounding Turner.

After being wounded Turner left the tavern. His brother, Lawrence Turner, upon learning that Henry had been wounded, went to the tavern. The appellant was leaving the tavern at the same time Lawrence Turner was approaching. According to the appellant he thought it was Henry who was returning and stated that it scared him. The appellant ran across the street and according to the testimony of Lawrence Turner when within 10 to 25 feet of Lawrence, the appellant pointed his pistol at him and fired. However, Lawrence was not struck by the shot.

Maxine Carpenter, who was a sister to the Turner Brothers, testified that she was sitting in a car at the time appellant entered the tavern; that she went to the door of the tavern and heard an argument between the appellant and her brother

Henry. She later saw the appellant leave the tavern, and as he left she heard him state that he would kill those who bothered him. She then saw appellant run toward her brother Lawrence and heard the shot appellant fired as he approached her brother. The appellant testified that he did fire the shot, but that he fired it because he was scared and did not point the gun at Lawrence Turner, but did state that he thought Lawrence was Henry, who had aready been wounded in the prior scuffle.

On cross-examination the witness, Maxine Carpenter, became confused as to whether or not a prior conviction she had had for shoplifting was a felony or a misdemeanor. However, in the final analysis she testified that she had been convicted of shoplifting.

Appellant claims that the State failed to prove that he had the required intent to kill Lawrence Turner when he ran from the tavern and fired his pistol. We have repeatedly said that the decision of the trial court will not be disturbed if there is substantial evidence of probative value on each material element of the crime. *Liston* v. *State* (1969), 255 Ind. 520, 250 N. E. 2d 739, 18 Ind. Dec. 486.

The testimony of Maxine Carpenter that she heard the appellant make threatening statements shortly before he fired the shot was evidence from which the trial court could reasonably determine that it was appellant's intent to commit an assault with intent to kill. *Liston* v. *State, supra.*

The fact that Lawrence Turner had testified that the appellant pointed the gun at him and fired it at a 10 to 25 foot range justified the finding as to the required intent by the trial court. This Court stated in *Petillo* v. *State* (1950), 228 Ind. 97, 89 N. E. 2d 623, at page 101:

". . . that the intent was a question for the court, the proof of which rested upon the State; and in determining the question it was the duty of the court to consider all of the facts and circumstances disclosed by the evidence

bearing upon it. The felonious intent in such a case might have been shown by direct evidence, such as lying in wait for an opportunity, with a deadly weapon; and, in the absence of any such direct proof, if the assault and battery was with a deadly weapon, used in such a manner as to be reasonably calculated to cause death, the intent to kill might be inferred from the act itself."

Although the shot which appellant fired did not actually strike Lawrence Turner, there were ample facts from which the trial court was justified in finding that the intent was in fact there. The fact that appellant testified that he thought Lawrence Turner was Henry Turner does not alter the situation. Where one seeks to injure a person, but mistakenly or accidentally injures another, he is nevertheless guilty of assault with intent under the law. *Matthews* v. *State* (1958), 237 Ind. 677, 148 N. E. 2d 334.

Appellant next contends that he was convicted by perjured testimony, first claiming the confusion of Maxine Carpenter concerning her conviction for shoplifting constituted perjury. With this we cannot agree. At no point in her testimony did she ever deny that she had been convicted of shoplifting. Her only confusion seemed to be as to the legal consequences of such a conviction. Certainly confusion of a witness concerning technical questions can not be interpreted as perjury. *Indianapolis Traction etc. Co.* v. *Henby* (1912), 178 Ind. 239, 97 N.E. 313.

Appellant next states that the witness Lawrence Turner "lied as to circumstances surrounding his brother Henry Turner". Appellant cites no part of the record supporting this statement. We have conducted an independent search of the record and cannot find any such evidence in the case. It was the duty of the trial court to weigh the evidence and to pass upon the credibility of the witnesses. *Anderson* v. *State* (1966), 247 Ind. 552, 217 N. E. 2d 840, 8 Ind. Dec. 592. We find from this record that it wholly supports the finding of the trial court.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 615.