HOWARD KELSBECK *v.* STATE OF INDIANA.

[No. 669S134. Filed September 7, 1971.]

*James D. Blythe II,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant was charged with the crime of malicious trespass by affidavit on September 10, 1968. The trial court found appellant guilty as charged and imposed a fine of fifty [$50.00] dollars and costs.

Among other contentions, appellant contends that the evidence was insufficient to support the trial court's finding. When reviewing an allegation that the trial court's finding or a jury's verdict is not supported by sufficient evidence this court must adhere to the following rule. This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971),

257 Ind. 40, 271 N. E. 2d 727; *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. The record discloses the following evidence, most favorable to the State.

Prior to September, 1968, William Cruze had been renting a small lot of land to the purchaser of a mobile home, which was financed by the General Electric Credit Corporation. In June or July, 1968, the credit purchaser abandoned the mobile home, leaving it on the lot owned by Mr. Cruze. Sometime after the mobile home was abandoned, Howard Kelsbeck, appellant herein, an employee of General Electric Credit Corporation, contacted Mr. Cruze, regarding removal of the mobile home. At this time Mr. Cruze informed appellant that he desired the rental money due and would not permit the mobile home to be removed until he was paid. Regarding the rent, appellant told Mr. Cruze, "Don't worry about it, we will take care of it." On the night of September 9, 1968, the appellant went to Mr. Cruze's home to remove the mobile home. Mr. Cruze again told the appellant he would not permit the mobile home to be removed until the rent debt was satisfied. After some conversation Mr. Cruze agreed to permit the appellant to put some wheels on the mobile home so that it could later be removed. After appellant left Mr. Cruze's home to put the wheels on the mobile home, Mr. Cruze looked outside and observed the appellant cutting his fence, in order to remove the mobile home. Mr. Cruze left the house and approached the appellant. At trial Mr. Cruze described the confrontation with the appellant in the following manner:

"I said, 'what are you doing cutting my fence?' * * * and he said, 'I'm going to take this damn trailer out of here.' And I said, 'over my dead body you are going to take it out of here, you are going to pay me my money.' * * * and he said, 'it will be over your dead body then' ", * * *

Mr. Cruze then called the police, who came sometime later. The police officer informed the appellant, that in any event, he could not remove the mobile home that night because of some load over-weight problem. From these facts there was sufficient evidence from which the trial court could find the appellant guilty of the offense of Malicious Trespass. *Burns Ind. Stat. Ann.,* sec. 10-4509, defines Malicious Trespass as follows:

> "Malicious Trespass.—Whoever maliciously or mischievously injures or causes to be injured any property of another, or any public property, is guilty of a malicious trespass. . . ."

The only element of the offense essential to support a conviction is the malicious or mischievous injury to property of another. "To characterize an act as having been done maliciously and mischievously amounts to a statement that such act was wrongful and done intentionally, without just cause or excuse." *Barber* v. *State* (1926), 199 Ind. 146, 155 N. E. 2d 819. The trial court could conclude from the facts that the appellant's cutting of Mr. Cruze's fence was wrongful, intentional, and without right, and appellant was therefore guilty of the offense of Malicious Trespass.

Appellant next contends that the trial court erred in that it abused its discretion by not believing the testimony of one of the appellant's witnesses. There is no merit to appellant's contention, for it is always within the discretion and province of the trier of fact, court or jury, to believe or not believe any witness or give whatever weight it might determine to the testimony of any witness. In *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893, decided July 31, 1971, number 570S116, where the trial was by jury we stated:

> "The jury might properly have chosen not to believe such testimony but we do not have the authority or right to substitute our judgment for those constitutionally authorized to find the facts."

Appellant finally urges that the trial judge erred in failing to disqualify himself because of prejudice. Appellant made this contention for the first time in his motion for a new trial which was overruled by the trial court. Appellant specifically alleged that he learned, after the trial, that the trial judge had had a dispute with his employer, the General Electric Credit Corporation.

The trial court held a hearing on the issue of his prejudice. The substance of appellant's allegation brought out in the hearing was that the trial court had a dispute over the amount due on an installment contract with General Electric Credit Corporation, who was not a party to this criminal procedure. The appellant during the course of the trial stated, "I am collection manager for General Credit." No effort was made at that time to show that the appellant was employed my General Electric Credit Corporation. The only evidence in the trial was a letter introduced as an exhibit, which had General Electric Credit Corporation in its heading. During the hearing on the issue of the judge's prejudices, as alleged in the Motion for New Trial, it was brought out that appellant's counsel was seated in an office when someone to the knowledge of appellant's counsel, across the desk, called the judge in this case, after the trial and sentencing, and threatened to reveal his controversy with General Electric Credit Corporation if he did not dismiss the case. The appellant's counsel did not request the call be made but did not object or protest its improprieties, and afterwards, under normal ethical standards failed to inform the judge of what had happened and that he had nothing to do with nor encouraged or participated therein and disapproved of such threatening tactics towards a judge. Even silent condonation of or acquiescence in such action by an attorney in a case is to be disapproved. A trial judge, particularly in such a procedure, cannot under threats, with good grace, withdraw from a case, thus implying submission to the propriety of such threats. From the facts as we find them here, there is no showing of prejudice against the appellant

personally, who was charged with Malicious Trespass. There is no showing that the court, at the time and during the trial, or at the time of sentencing, was aware of any connection between the appellant and the remotely related General Electric Credit Corporation to this case. With the facts as revealed and as disclosed by the record, we cannot say that the judge of this case acted improperly, particularly in view of the action appellant's counsel took at the time the telephone call was made, threatening the trial court after the trial was over in an attempt to get the judge to dismiss the case.

Judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 272 N. E. 2d 607.