## J. C. BALDOCK *v.* STATE OF INDIANA

[No. 3-577A120. Filed August 23, 1978. Rehearing denied October 4, 1978. Transfer denied May 12, 1979.]

*Thomas L. Ryan, Harold W. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Victoria R. Van Duren,* Deputy Attorney General, for appellee.

STATON, J.—J. C. Baldock was charged with assault and battery, malicious trespass, and two counts of driving with a suspended license. He was tried to the court and was found guilty on all charges. Upon appeal, Baldock raises two issues:

    (1)   Was there sufficient evidence to support the convictions?

    (2)   Were the imposed sentences contrary to law?

The convictions are affirmed. We reverse and remand for correction of the erroneous sentences.

## I.

### Assault and Battery/Malicious Trespass

J. C. Baldock was visiting the home of his girlfriend on July 10, 1975. Baldock was drunk and boisterous. The girlfriend and others at the house decided to leave in a van. When the driver of the van started to back out of the driveway, Baldock physically blocked the way. As the van stopped, Baldock opened the door to the van and struck one of the passengers. Baldock also ripped wiring and tape and C. B. radio equipment from under the dash and threw it into the rear of the van. Testimony regarding these events was undisputed. All witnesses agreed that Baldock was angry. Baldock himself attempts to excuse all of his actions because he was provoked or acted in a sudden heat or passion.

IC 1971, 35-1-66-1, Ind.Ann.Stat. § 10-4509 (Burns Code Ed.) defines malicious trespass: "Whoever maliciously or mischievously injures or causes to be injured any property of another, or any public property, is guilty of a malicious trespass. . . ." The Indiana Supreme Court, in *Cook v. State* (1972), 258 Ind. 667, 284 N.E.2d 81, determined the necessary elements of the crime:  (1) maliciously or mischievously, (2) injuring or causing to be injured, (3) the property of another. Baldock disputes only the element of malice.

We are not free to weigh evidence on appeal. *Kelsbeck v. State* (1971), 257 Ind. 141, 272 N.E.2d 607. Several witnesses averred that Baldock was the aggressor and that Baldock's actions were deliberate. If an act is wrongful and is done intentionally and without just cause or excuse, that act is malicious. *Springer v. State* (1946), 224 Ind. 241, 66 N.E.2d 529; *Barber v. State* (1927), 199 Ind. 146, 155 N.E. 819. The malicious trespass conviction was supported by sufficient evidence.

Baldock struck the fifteen-year-old son of his girlfriend. He argues that the boy provoked him by calling him names. Testimony at trial negates this theory. Not only did no one hear the boy use abusive language, some witnesses maintained that Baldock probably intended to strike another individual and mistakenly hit the boy. Even if Baldock intended to hit another occupant of the van, he is nevertheless guilty of assault and battery. *Barnett v. State* (1971), 256 Ind. 303, 268 N.E.2d 615; *Matthews v. State* (1958), 237 Ind.

677, 148 N.E.2d 334. Abusive language or words alone would not have justified the assault in any case. *Tisdale v. State* (1927), 199 Ind. 1, 154 N.E. 801. The assault and battery conviction was supported by sufficient evidence.

## II.

## Driving While Suspended

Baldock contests his convictions for driving while his license was suspended on several grounds. He does not contest the fact that he was unable to produce a valid Indiana Driver's License on either occasion when he was stopped.

### A. Suspension Period.

Baldock's driver's license was suspended on May 15, 1973, for a period of one year. Baldock argues that he was, therefore, no longer suspended when he was stopped on May 3, 1975, and May 30, 1975. This is technically true; but while Baldock was no longer technically within the suspension period, neither was he legally licensed. He had not applied for a new license and he had not paid the reinstatement fee required under IC 1971, 9-2-1-11, Ind.Ann.Stat. § 47-1053 (Burns Code Ed.). Thus, the privilege of driving in Indiana could not have been restored to him.[1]

### B. Michigan License.

Baldock argues that since he was a Michigan resident at the time he was stopped and since he produced a current Michigan Driver's License, he was not guilty of driving while suspended. Baldock's induction fails in its premise because, under Indiana law, Baldock was not a qualifying non-resident.

A non-resident driver is one who is "residing in another state, district or country and [is] temporarily residing or sojourning within this state for a period of sixty [60] days, or less, in any one [1] year." IC 1971, 9-1-4-21(a) (Burns Code Ed., Supp. 1 77). Baldock himself testified that he resided five days a week in Kendallville,

---

1. If all of the verbiage regarding the privilege of driving is to make any sense, then we must treat the removal of a suspension as an affirmative act necessary on the part of the suspended individual. He must pay his reinstatement fee; he must change his status under the law.

Indiana; he was employed at a foundry in Kendallville and had been so employed at least since February, 1975. Taking those facts and the reasonable inferences to be drawn therefrom which are most favorable to the State, we conclude that Baldock did not qualify as a "non-resident driver." Therefore, the validity of his Michigan license was irrelevant. Baldock was required to be licensed by Indiana.

*C. Restricted License.*

Baldock attempted to introduce evidence at trial that he had been issued a restricted license by the Dekalb Circuit Court pursuant to an arrest for driving while intoxicated. Under the court order, Baldock was ordered to restrict his driving to "the necessary driving to and from his place of employment." Without addressing the question of whether Baldock waived this issue, we do note that (1) the Dekalb Circuit Court order restricted Baldock's *Michigan* license; and (2) the Dekalb Circuit Court would have been without jurisdiction to grant Baldock separate Indiana driving privileges. Since Baldock did not qualify as a nonresident, the restriction of a Michigan privilege did not validate Baldock's driving in Indiana.

There was ample evidence to show that Baldock was guilty of driving while suspended.

## III.

### Sentences

Baldock was sentenced on all counts following the trial. Thereafter, the State filed a brief with the trial court requesting that the court impose consecutive sentences. The trial court modified the sentences and required that the terms of imprisonment be served consecutively. Neither Baldock nor his attorney was present when the court modified the sentences. This was error because IC 1971, 35-8-1A-17 (Burns Code Ed.) mandates that "[t]he convicted person and his counsel must be present when the corrected sentence is ordered...."

Moreover, consecutive sentences can be ordered by the trial court only when a statute permits. *Stuck v. State* (1972), 259 Ind. 291, 286 N.E.2d 652; *Kindred v. State* (1977), 172 Ind.App. 645, 362 N.E.2d 168. Presumably the trial court modified Baldock's sentences pursuant to IC 1971, 35-8-7.5-1 (Burns Code Ed., Supp. 1977), which

allows for consecutive sentences when a defendant is convicted of crimes committed while he was released on another criminal charge. Admittedly, Baldock did commit three crimes while he was released on the first driving-while-suspended charge. But, IC 1971, 35-8-7.5-1 (Burns Code Ed., Supp. 1977) was promulgated on July 29, 1975. Therefore, the act was not in effect on any of the dates Baldock was arrested. Baldock's sentences should run concurrently. Since the judgment imposing sentence was erroneous on its face, we ignore any possible waiver of the error. *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822.

Baldock's convictions are affirmed. We reverse and remand for sentencing not inconsistent with this opinion.[2]

Buchanan, C.J., (By designation), Concurs.

Garrard, P.J., Concurs in Part and Dissents in Part, with opinion.

## CONCURRING OPINION

GARRARD, P.J. — I concur in affirming the convictions for malicious trespass and assault and battery.

However, I must dissent concerning the convictions for driving while suspended in violation of IC 9-1-4-52.

These offenses allegedly occurred on May 3 and May 30, 1975. They are concededly based upon a suspension order issued May 15, 1973. By the terms of that order the suspension was for one (1) year and expired, according to the order, on May 15, 1974.

IC 9-1-4-52 prohibits driving a motor vehicle on a public highway by someone while his license or permit is suspended or revoked. Baldock's

---

2. We shall not burden this opinion with the verbatim erroneous individual sentences, nor shall we isolate the penalty portion of each applicable criminal statute. But, as a guide to the trial court, we do note that the penalties provided by the legislature control. If the legislature prescribes a fine *or* imprisonment, the trial court may not impose both. *Scruggs v. State* (1974), 161 Ind.App. 672, 317 N.E.2d 800. Furthermore, a defendant must be incarcerated in the penal institution designated within the violated criminal statute. *See* IC 1971, 35-1-50-1, Ind.Ann.Stat. § 9-2404 (Burns Code Ed.); *DeMuinck v. State* (1929), 89 Ind.App. 424, 166 N.E. 7, 545. Finally, a defendant cannot be required to serve consecutive sentences simply because he was convicted of multiple crimes which provide for conflicting places of confinement. *Cf. Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752 (an Indiana court which sentences a defendant who is already serving a sentence in another state may not order its sentence to begin *in futuro* after the completion of the defendant's foreign sentence).

license had been suspended May 15, 1973 and that suspension expired May 15, 1974. Thus, on May 3 and May 30, 1975 he simply was not driving while his license was suspended.

This is not altered by the provision of IC 9-2-1-11(d) which prohibits restoration or renewal of operating privileges until a five dollar reinstatement fee is paid. That section (unlike the preceding ones dealing with suspensions concerning lack of financial responsibility) does not provide that the *suspension* shall remain in effect. It merely requires that the fee be paid if the driver wishes to restore his Indiana license.

Of course, under the facts Baldock was guilty of operating *without* a license. IC 9-1-4-26. But that is not the offense with which he was charged or convicted.

Accordingly the convictions for driving while suspended should be reversed. It follows that sentences for the remaining offenses should be served concurrently.

I would therefore remand with instructions to vacate the convictions for driving while suspended and to correct the sentences for malicious trespass and assault and battery by providing that they run concurrently.

NOTE—Reported at 379 N.E.2d 539.