**In the Matter of Ervin STAGGS.**

**Ervin STAGGS, Defendant/Appellant,**

v.

**James FORRESTER, Plaintiff/Appellee.**

No. 1:94–CV–220.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 19, 1995.

Rebecca Harper, UAW–GM Legal Services Plan, Marion, IN, for Ervin Staggs.

Michael Farrer, Bingham Farrer and Wilson, P.C., Elwood, IN, and Jane G. Cotton, Anderson, IN, for James Forrester.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on Appellant's, Ervin Staggs (hereinafter: "Staggs"), appeal of United States Bankruptcy Judge Robert E. Grant's Decision wherein Judge Grant ruled that Appellee, James Forrester (hereinafter: "Forrester"), was entitled to summary judgment. *In re Staggs,* 178 B.R. 767 (Bankr.N.D.Ind.1994). For the following reasons, the Bankruptcy Court's Decision is AFFIRMED.

## FACTUAL BACKGROUND

On July 3, 1986, Staggs was involved in a fight with Forrester at a bar in Marion, Indiana. As a result, Forrester sustained injuries. On July 5, 1988, in the Grant County, Indiana, Circuit Court, Forrester filed a civil suit against Staggs for battery. Staggs filed his Answer on April 3, 1989. Almost three (3) years later, Forrester filed a Motion for Summary Judgment.

Staggs failed to appear at any of the scheduled hearings on the Motion or otherwise contest the Motion. The Circuit Court issued its Summary Judgment Decree on September 1, 1992 which read in pertinent part:

> The Court has considered the arguments of counsel as well as the affidavit of Plaintiff James Forrester and the Admissions contained in the Request for Admissions propounded by Plaintiff to Defendant Ervin Staggs which were deemed admitted by Order of this Court of April 20, 1992. Based upon those matters the Court now finds there is no genuine issue of material fact and the Defendant Ervin Staggs committed battery upon Plaintiff and that as a result of that battery Plaintiff suffered injuries.

*Forrester v. Staggs,* No. 27C01–8811–CP–772 (Grant County, Indiana, Circuit Ct. Sept. 1, 1992).

The court then set the matter for a further hearing on damages. At the October 14, 1992, hearing on damages, the Court awarded Forrester compensatory damages in the amount of $150,000.00 and awarded punitive damages in the amount of $450,000.00. *Forrester v. Staggs,* No. 27C01–8811–CP–772 (Grant County, Indiana, Circuit Ct. Oct. 14, 1992). Staggs failed to attend the hearing on damages as well.

The entry of final judgment induced Staggs to act. Staggs filed a Motion to Correct Errors with the court. The Motion was denied. Staggs then filed an appeal with the Indiana Court of Appeals.

Staggs subsequently filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division on March 19, 1993. Forrester timely filed a Complaint in the bankruptcy proceeding seeking a determination that the obligation Staggs owed Forrester as a result of the state court judgment was nondischargeable pursuant to 11 U.S.C. § 523(a)(6) as a debt

representing a willful and malicious injury. Forrester filed a Motion for Summary Judgment arguing that the state court judgment for battery precluded (issue preclusion or collateral estoppel) Staggs from litigating whether the debt owed was attributable to a willful and malicious injury.

The Bankruptcy Court determined that Staggs' debt to Forrester arising from the state court judgment was nondischargeable as it was a debt attributable to a willful and malicious injury under 11 U.S.C. § 523(a)(6). The Bankruptcy Court concluded that Forrester carried his burden of proof and satisfied all of the elements of issue preclusion by a preponderance of the evidence and granted summary judgment in his favor.

## ISSUES PRESENTED ON APPEAL

As framed by the Appellant, the issue presented on appeal is "whether the Bankruptcy Court's decision/judgment of June 6, 1994 is contrary to law in granting summary judgment in favor of Plaintiff Forrester determining that Defendant Staggs is collaterally estopped from challenging nondischargeability of a state court decision entered as a result of an uncontested summary judgment." (Appellant's Brief, p. 1). Essentially, Staggs asserts that Forrester may not rely upon collateral estoppel to prevent Staggs from having his day in court, and thus, Forrester has failed to show by a preponderance of the evidence that the debt is nondischargeable. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (plaintiff in bankruptcy proceeding must demonstrate by a preponderance of the evidence that plaintiff has satisfied all of the elements necessary to preclude a debt from being discharged).

Staggs readily concedes that he may not prevail upon the ultimate issue of whether the battery committed upon Forrester was done willfully and maliciously, as those terms are defined by federal bankruptcy law, but insists that the ultimate determination may not be decided under the doctrine of collateral estoppel. Staggs argues the bankruptcy court erred in granting the Motion for Summary Judgment as an evidentiary hearing

was required to resolve whether Staggs acted willfully and maliciously.

## STANDARD OF REVIEW

This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Federal Rules of Bankruptcy Procedure provide the applicable standard of review. Rule 8013 states:

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

This high standard of review has been followed by district courts. *See, e.g., In re Clarkson*, 767 F.2d 417, 419 (8th Cir.1985); *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y. 1984). District courts review factual findings of bankruptcy courts under the "clearly erroneous standard." *Matter of Newman*, 903 F.2d 1150 (7th Cir.1990). The "clearly erroneous" language of the rule tracks the language found in Federal Rule of Civil Procedure 52(a), and cases construing the standard under 52(a) are equally applicable to bankruptcy cases. *Matter of Louisiana Industrial Coatings, Inc.*, 53 B.R. 464, 467 (E.D.La. 1985). The Supreme Court of the United States reaffirmed its longstanding definition of this standard in *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson*, at 573, 105 S.Ct. at 1511 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). The standard of review of legal conclusions of a bankruptcy court is de novo. *In re Global Western Development Corp.*, 759 F.2d 724, 726 (9th Cir.1985).

In the instant case, the court interprets Staggs' appeal of the Bankruptcy Court's Decision granting summary judgment in fa-

vor of Forrester as raising only an issue as to the Bankruptcy Court's legal conclusion that collateral estoppel is applicable. Nowhere in Appellant's Brief does Stagg indicate that he is challenging any of the Bankruptcy Court's factual findings. This is not surprising as the Bankruptcy Court was not required to make any explicit findings of fact to determine that collateral estoppel applies. Thus, the court concentrates its discussion on the Bankruptcy Court's legal conclusions and reviews those conclusions de novo.

## DISCUSSION

■ Collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "Collateral estoppel bars the resuscitation of questions that have been previously litigated." *Fidelity Fin. Services v. Cornell–Cooley,* 158 B.R. 128, 132 (S.D.Ind.1993). Furthermore, " 'that Congress intended the bankruptcy court to determine the final result—dischargeability or not—does not require the bankruptcy court to redetermine all of the underlying facts.' Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987) (quoting, *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981)).

■ State court judgments are entitled to full faith and credit in bankruptcy proceedings. 28 U.S.C. § 1738; *Matter of Bulic,* 997 F.2d 299, 304 (7th Cir.1993). Thus, the Bankruptcy Court was required to give the state court judgment the same preclusive effect that an Indiana state court would give it. *Id.* at 304 n. 6. Whether issue preclusion is applicable must be determined according to Indiana state law. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380–82, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985); *Bicknell v. Stanley,* 118 B.R. 652 (S.D.Ind.1990).

Under Indiana law, the party asserting the applicability of collateral estoppel must establish:

1. the issue in the current action is identical to the issue in the first action;

2. the issue was actually litigated;

3. the resolution or determination of the issue was necessary to the judgment in the first action; and

4. a final judgment determined or resolved the issue in the prior action.

*See, Tofany v. NBS Imaging Systems, Inc.,* 616 N.E.2d 1034 (Ind.1993); *Bicknell v. Stanley,* 118 B.R. 652 (S.D.Ind.1990); Restatement (Second) Judgments § 27.

On appeal, Staggs does not contest the fourth element of issue preclusion.

### Identical Issue

■ Staggs asserts the Bankruptcy Court erred where it determined the issues raised in the state court were the same as those raised in the Bankruptcy Court. The thrust of Staggs' argument under this element of collateral estoppel is that the Indiana state court determination that Staggs is liable to Forrester for battery does not encompass the finding that Staggs acted willfully and maliciously, as is required by 11 U.S.C. § 523(a)(6) if the debt is to be nondischargeable.

Comparing the state law definition of battery, to which debtor was found liable, to the federal law definition of "willful and malicious" applicable in the battery context, the court rules that the state court finding of liability (the Summary Judgment Decree) also required a finding that the battery was willful and malicious as defined by federal law. Thus, the issues presented in both proceedings were identical and collateral estoppel applies.

11 U.S.C. § 523(a)(6) states, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." The Bankruptcy Court defined willful as intentional. *See, Matter of Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). At the time the

Bankruptcy Court issued its Decision, the Seventh Circuit Court of Appeals had yet to explicitly define malicious. However, the Bankruptcy Court adopted a generally accepted definition of malicious as "a wrongful act done without just cause or excuse which necessarily produces harm." *In re Cecchini*, 780 F.2d 1440, 1442–43 (9th Cir.1986). Subsequent to the issuance of the Bankruptcy Court's Decision, the Seventh Circuit Court of Appeals explicitly defined malicious as "in conscious disregard of one's duties or without just cause or excuse, it does not require illwill or specific intent to do harm." *Matter of Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). These two definitions are identical for all practical purposes. The main thrust is that "malicious" does not require specific intent.

Under Indiana law, battery is defined as "[a] harmful or offensive contact with a person, resulting from an act intended to cause the [victim] or a third person to suffer such a contact." *Fields v. Cummins Employees Federal Credit Union*, 540 N.E.2d 631, 640 (Ind.App.1989). Battery is considered a "wrongful" act. *Peterson v. Haffner*, 59 Ind. 130, 133 (1877); *Deep Vein Coal Co. v. Dowdle*, 224 Ind. 244, 66 N.E.2d 598, 600 (1946); *Home Insurance Co. v. Neilsen*, 165 Ind. App. 445, 332 N.E.2d 240, 242 (1975). "Wrongful conduct" is defined as "[c]onduct which contravenes some duty which law attaches to relation between parties affected." *Black's Law Dictionary*, 1446 (5th ed.). Indiana has defined "wrongful" as "infringement of some right," *Fidelity and Casualty Co. v. Blount Plow Works*, 78 Ind.App. 529, 136 N.E. 559, 561 (1922), and "wrong" as a "violation of the municipal law, the law of civil conduct," *Western Union Tel. Co. v. Ferguson*, 157 Ind. 64, 60 N.E. 674, 676 (1901). Furthermore, under Indiana law, if an act is wrongful and is done intentionally, without just cause or excuse, that act is malicious. *Springer v. State*, 224 Ind. 241, 66 N.E.2d 529 (1946); *Baldock v. State*, 177 Ind.App. 355, 379 N.E.2d 539, 540 (1978). Thus, the state court's ultimate finding concerning whether a battery occurred necessarily encompassed both the issue of willfulness (an intentional act, as battery is an intentional tort) and the issue of maliciousness (a wrongful act, an act done in conscious disre-

gard of one's duties) as those terms are defined by federal law under § 523(a)(6).

Debtor is right to assert that under Indiana battery law, intent or willfulness can be implied from a person's actions if those actions constitute a "reckless disregard" for the safety of others, *Mercer v. Corbin*, 117 Ind. 450, 20 N.E. 132 (1889); *Reynolds v. Pierson*, 29 Ind.App. 273, 64 N.E. 484, 485 (1902), and that a reckless disregard "intent" under § 523(a)(6) is insufficient for a finding of "willfulness" under federal law. *See, e.g., In re Conte*, 33 F.3d 303, 306 (3rd Cir.1994). However, in the instant case, the state court judgment of liability in its Summary Judgment Decree is made upon plaintiff's Complaint which alleges debtor intentionally battered plaintiff. *Mercer v. Corbin*, 117 Ind. 450, 20 N.E. 132 (1889) (Court upholds liability for intentional battery where jury verdict recites defendant acted carelessly, recklessly and rudely, but Complaint states defendant acted intentionally). In reaching its conclusion in its Summary Judgment Decree, the state court also relied upon the Affidavit of plaintiff which stated debtor "attacked" and "kicked" plaintiff causing injury to plaintiff's teeth, face and nose. The court also relied upon plaintiff's Request for Admissions which the court deemed admitted by its own Order because debtor failed to ever respond to them. Debtor was deemed to have admitted that he struck plaintiff in a rude and insolent manner causing plaintiff damages for dental restoration in the amount of $2,000.00 and for nose restoration in the amount of $4,000.00. Thus, the state court determined that debtor acted intentionally.

The state court finding of liability (the Summary Judgment Decree) also required a finding that the battery was willful and malicious as defined by federal law. Thus, the issues presented in both proceedings were identical and collateral estoppel applies.

### The Issue Was Actually Litigated

Staggs asserts that the issue concerning the nature of his conduct, whether he was liable for battery and, as the Bankruptcy Court and this court has determined, whether his conduct was willful and malicious un-

der Section 523(a)(6), was never actually litigated because judgment was rendered on an unopposed motion for summary judgment. Staggs argues that his non-participation in his state court case, specifically his non-participation with respect to Forrester's Motion for Summary Judgment, warrants a finding that the matter was not actually litigated for purposes of collateral estoppel. Staggs concludes that Indiana would not afford a judgment based on an unopposed motion for summary judgment collateral estoppel effect.

It is clear that Indiana will not give collateral estoppel effect to a default judgment entered against a defendant who never appeared in the action. *Porter's South Shore Cleaners, Inc. v. State,* 512 N.E.2d 895 (Ind. Tax 1987); "In the case of judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) Judgments § 27 cmt. e. Of course, it is equally clear that Indiana will grant preclusive effect to a judgment entered after a trial on the merits. However, the parties, the Bankruptcy Court, and this court have failed to discover any published Indiana state court opinion delineating whether Indiana would grant preclusive effect to a judgment entered as a result of an unopposed motion for summary judgment. Thus, this court must determine, as did the Bankruptcy Court, what rule the Indiana state courts would follow under these circumstances. *Bowen v. United States,* 570 F.2d 1311, 1320 (7th Cir.1978).

The court must first determine whether the decisions of the Indiana state courts demonstrate a "discernable doctrinal trend." *Id.* at 1322. If no discernable trend exists, "a federal court may reasonably assume that [the state Supreme Court] will follow the rule that appears best to effectuate the policies that underlie the rule." *Id.* In this case, a discernable doctrinal trend exists.

As the Bankruptcy Court found, the prevailing trend in Indiana is to expand the use of collateral estoppel under a variety of circumstances. *See, e.g., Tofany v. NBS Imaging Systems, Inc.,* 616 N.E.2d 1034 (Ind. 1993) (collateral estoppel may be used offensively by a person not a party to prior litigation to prevent defendant from relitigating an issue); *Sullivan v. American Casualty Co.,* 605 N.E.2d 134 (Ind.1992) (mutuality of estoppel and identity of parties no longer required; collateral estoppel may be used defensively by a person not a party to prior litigation to prevent plaintiff from relitigating an issue); *McClanahan v. Remington Freight Lines, Inc.,* 517 N.E.2d 390 (Ind. 1988) (administrative decision may operate as estoppel); *Brougher Agency v. United Home Life Ins.,* 622 N.E.2d 1013 (Ind.App.1993) (arbitrator's decision may operate as estoppel); *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.,* 512 N.E.2d 465 (Ind.App. 1987) (consent judgment may operate as estoppel). Thus, Indiana favors an expansive use of collateral estoppel. The fact that Indiana is expanding the availability of collateral estoppel, coupled with the fact that the matter was put in issue, and the issue was submitted to the court, as discussed *infra,* requires a finding that the issue was actually litigated.

"The requirement that an issue be 'actually litigated' does not necessitate a full-blown trial or opinion on the matter." *Lehman's Inc. of Anderson v. Hittle,* 163 B.R. 814, 818 (S.D.Ind.1994) (citing, *Gilldorn Savings Ass'n v. Commerce Savings Ass'n,* 804 F.2d 390, 394–95 (7th Cir.1987)). A prior determination on a motion for summary judgment constitutes actual litigation. *In re Wien,* 155 B.R. 479, 487 (Bankr.N.D.Ill.1993); *see also, Spiegel v. Continental Illinois Nat'l Bank,* 790 F.2d 638, 645 (7th Cir.1986) (judgment on motion to dismiss for failure to state a claim was final judgment on the merits for res judicata purposes). This court is in accord with the Bankruptcy Court's reasoning on the question of whether the issue was actually litigated in the Grant County Circuit Court. The Bankruptcy Court reasoned:

According to the Restatement, "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated ..." Restatement (Second) of Judgments § 27 cmt. d. When measured by this standard, the issue concerning the nature of defendant's conduct was actually litigated. Whether or not defendant committed battery was put in issue by

the pleadings, when the defendant filed an answer denying the allegation. That issue was submitted to the court for a determination by plaintiff's motion for summary judgment and the materials filed in support thereof. Based upon the undisputed facts before it, the court determined that a battery occurred and eventually entered judgment against defendant.

*In re Staggs*, 178 B.R. 767 (Bankr.N.D.Ind. 1994).

Staggs failed to present any evidence to the state court once the issue was submitted via Forrester's Motion for Summary Judgment. To prevail on his Motion, Forrester was required to present evidence to support his legal conclusions. Because the Motion was unopposed, the evidence required to support the Motion may not have been rigorously tested through the adversarial process that defines American jurisprudence. Staggs asserts that because he failed to put forth any evidence on the issue or test the reliability or credibility of the evidence advanced by Forrester on the issue, the issue could not have been actually litigated. However, the Bankruptcy Court, and this court, recognize that we are prohibited from reexamining the quality of the evidence presented or the substantive determinations made in the state court when applying the doctrine of collateral estoppel. *Lehman's Inc. of Anderson v. Hittle*, 163 B.R. 814, 818 n. 3 (S.D.Ind.1994) (and cases cited therein).

The Bankruptcy Court buttressed its decision that Indiana would grant preclusive effect to a judgment entered as a result of an unopposed motion for summary judgment by finding that such use of collateral estoppel would effectuate the underlying policies of the doctrine. This court is in accord.

Staggs asserts that the Bankruptcy Court's decision that the issue had been actually litigated was nothing more than a simple determination that Staggs had an "opportunity" to litigate in the prior state court action. A full and fair opportunity to litigate the issue is an element of res judicata. *See, e.g., Grip–Pak, Inc. v. Illinois Tool Works*, 694 F.2d 466, 469 (7th Cir.1982). Staggs argues

the Bankruptcy Court failed to properly distinguish between the requirements of collateral estoppel and the requirements of res judicata. This is not a fair characterization of the Bankruptcy Court's decision.

The Bankruptcy Court first determined that Indiana would grant preclusive effect to the judgment because of the discernable doctrinal trend in Indiana expanding the availability of collateral estoppel, and because the issue had been raised and submitted for the state court's determination. The Bankruptcy Court then determined that such use of collateral estoppel would also effectuate the underlying policies of collateral estoppel. One of the stated underlying policies of collateral estoppel is "that one fair opportunity to litigate an issue is enough." *Gilldorn Savings Ass'n v. Commerce Savings Ass'n*, 804 F.2d 390, 392 (7th Cir.1986) (citing, *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir. 1978)). The Bankruptcy Court did not explicitly rely upon the fact that Staggs had an opportunity to litigate the issue at the state court level, but relied upon the fact that one of the underlying policies of collateral estoppel would be advanced if collateral estoppel was applied in this instance. Indeed, the Bankruptcy court found that the issue had been raised and submitted for the state court's determination, and therefore, Staggs not only had the opportunity to litigate the issue in state court, but that he did in fact litigate the issue in state court.

Thus, this court holds that the issue was actually litigated and that Indiana would afford a judgment based on an unopposed motion for summary judgment collateral estoppel effect.

### Issue Necessary to Judgment

Defendant asserts "that the nondischargeability issues encompassed within the finding of battery were not "necessary" to the finding of common law battery."[1] (Brief of Appellant, p. 14–15). However, this court has already determined that the issue in the prior state court action and the issue before the Bankruptcy Court was identical. The

---

1. The court notes Staggs devoted only one-half (½) of a page to this argument in its Brief.

Therefore, the court likewise expends minimal resources on this element of collateral estoppel.

Indiana definition of battery necessarily includes a finding of willfulness and maliciousness as defined by federal bankruptcy law, and that finding was therefore necessary to the state court's decision and final judgment entered against Staggs.[2]

### Exceptions to Applicability of Collateral Estoppel

The Bankruptcy Court also determined that the Indiana Supreme Court would adopt and apply the exceptions to the general rule of issue preclusion as set out in § 28 of the Restatement. The Bankruptcy Court found that two exceptions could possibly apply to the instant case, but held that the facts of the case did not warrant the application of the exceptions.

The Bankruptcy Court concluded that Staggs failed to show that there was a clear and convincing need for a new determination of the issue because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action. See, Restatement (Second) Judgments § 28. The Bankruptcy Court held that it was foreseeable that the issue would arise in the bankruptcy context given the standards governing dischargeability and the proof required to establish battery under Indiana law. Staggs does not offer any reasons in his brief as to why the exception should apply in this particular case. See, discussion at p. 18–19, Appellant's Brief. This court does not find any error on this issue.

The Bankruptcy also concluded that Staggs failed to demonstrate that there is a clear and convincing need for a new determination of the issue because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action. See, Restatement (Second) Judgments § 28. Again, Staggs fails to articulate a specific argument as to how the Bankruptcy Court errored on this particular point. Staggs merely states that it is a

"remarkable conclusion." (Brief of Appellant, p. 18).

This court finds, as did the Bankruptcy Court, that Staggs had adequate incentive to defend the initial state court action. Staggs was placed on notice from the Request for Admissions propounded by Forrester that Forrester had incurred medical expenses alone in the amount of approximately $7,000.00 as a result of the battery.

The court is unaware of, and Staggs has failed to demonstrate, any circumstances as to why a judgment of approximately $7,000.00 would not provide Staggs incentive to litigate the matter in the initial state court action. As the Bankruptcy Court stated, "[u]ltimately, the best that can be said of defendant's equitable arguments [that collateral estoppel should not apply] is that he may not have accurately perceived the degree of exposure he faced in state court ..." *In re Staggs*, 178 B.R. 767 (Bankr.N.D.Ind. 1994). Thus, this court holds that Staggs had an adequate incentive to litigate the issue in the initial state court action.

### CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Decision is AFFIRMED.