**Ted DRIVER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 982S366.**

Supreme Court of Indiana.

Sept. 11, 1984.

Merrill W. Otterman, Howard County Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Theft, a class D felony, Ind.Code § 35–43–4–2 (Burns Supp. 1984) and was found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns Supp.1983). He was sentenced to four (4) years imprisonment upon the Theft count and to thirty (30) years imprisonment upon the habitual offender count. His direct appeal presents three (3) issues for our review:

(1) Whether the evidence is sufficient to support the finding of habitual criminality;

(2) Whether the trial court erred in denying the Defendant's motion to excuse the entire jury panel because one of the State's witnesses had been sitting among its members prior to trial;

(3) Whether the trial court erred in denying Defendant's motion for a hearing in order to present evidence of juror misconduct.

## ISSUE I

During the habitual offender phase of the trial, one of the two prior convictions which the State attempted to prove was a theft conviction in Howard County on May 22, 1969. The only evidence introduced to prove this conviction was the oral testimony of the Howard County Prosecutor. No attempt was made to introduce into evidence any official written court records or documents showing a judgment of conviction for the offense. Neither was there any showing that such documents were unavailable. Timely objections to the oral testimony and the lack of court records were overruled. Defendant now argues that the evidence presented to support the habitual offender finding was insufficient in that the State could not prove one of his prior convictions solely by the oral testimony of the prosecuting attorney.

In *Morgan v. State*, (1982) Ind., 440 N.E.2d 1087, this Court was faced with a nearly identical situation. Justice DeBruler wrote:

"Evidence, to be sufficient in a criminal cause, must have such probative value that from it a reasonable trier of fact would infer that which it is offered to prove, beyond a reasonable doubt. *Glover v. State, supra.* A judgment of conviction is basically a written court record of a judicial proceeding. The record's existence and content in turn is reflected in a host of other official documents.

*Collins v. State*, (1981) Ind., 415 N.E.2d 46. The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction in a criminal trial upon parol evidence alone from witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject. We, therefore, hold that parol evidence standing alone is insufficient evidence of the fact of prior convictions in the absence of a showing of the unavailability of the proper certified records. Here, no such records were introduced, and there was no indication that the State was unable to produce them. The additional thirty year term imposed under Ind.Code § 35-50-2-8 cannot stand on the evidence submitted, and defendant's conviction on that charge must be reversed."

*Id.* at 1090-1091.

■■■ Although this writer is of the opinion that a defendant, under these circumstances, should not be retried upon the habitual offender issue, *see Morgan v. State*, 440 N.E.2d at 1091-1092 (Prentice, J., dissenting), the majority of this Court has held otherwise. *Morgan v. State*, 440 N.E.2d at 1091; *See also Washington v. State*, (1982) Ind., 441 N.E.2d 1355, 1360. The result here should be the same as it was in *Morgan*, inasmuch as Defendant's trial occurred months before our decision in *Morgan* was announced. Hence, we reverse the habitual offender finding and vacate the judgment entered upon the habitual offender count. Additionally, we note that the court erroneously imposed a separate sentence upon that count; whereas, but for the insufficiency of the evidence thereon, the proper procedure would have been to enhance the Defendant's sentence upon the Theft count by thirty years, for a total of thirty-four years upon that count. *See Wilson v. State*, (1984) Ind., 465 N.E.2d 717, 721; *Short v. State*, (1982) Ind., 443 N.E.2d 298, 301.

ISSUE II

Defendant argues that the court erred in denying his motion to excuse the entire jury panel; said motion was predicated upon the fact that one of the State's witnesses had been sitting in the midst of the members of the jury panel prior to the beginning of *voir dire* examination of the jurors. He argues that such conduct tended to prejudice him. In *Woods v. State*, (1954) 233 Ind. 320, 119 N.E.2d 558, police officers who were witnesses for the State visited with the jury in the room where it gathered during intermissions and recesses. In that case, this Court stated, "The conduct of the witnesses in visiting with the jury was prima facie prejudicial to the appellant, and for this cause the judgment must be reversed." *Id.* at 324, 119 N.E.2d at 561. The *Woods* case, however, is readily distinguishable from the one at bar. In *Woods*, the jury had been sworn and the trial was in progress when the State's witnesses were discovered to be mingling and visiting with the members of the jury. Here, however, Defendant alleges only that the State's witness was sitting with members of the jury panel prior to the trial.

■■■ In *Buchanan v. State*, (1976) 169 Ind.App. 287, 348 N.E.2d 70, a State's witness made various statements in the presence of the jury both before and during the trial. The court determined that the presumption of prejudice, *if any*, was overcome by the subsequent testimony of the jurors. In the case at bar, the potential jurors were questioned regarding any conversation which occurred between them and the witness. It appears that the witness merely seated himself among the members of the jury panel and stated that he was there as a witness. He did not discuss the defendant or any particulars of the case. "It is well settled that misconduct of the jury does not require reversal of a conviction unless it results in prejudice to the defendant." *Id.* at 293, 348 N.E.2d at 74, quoting *Oldham v. State*, (1967) 249 Ind. 301, 305, 231 N.E.2d 791, 793. De-

fendant has failed to show how the witness' conduct prejudiced him in any way.

### ISSUE III

Immediately prior to the return of the verdict, Defendant alleged that three of the jurors had, during *voir dire* examination, testified falsely that they did not know him or any of the witnesses. Based upon this allegation, he moved for a mistrial which the court denied. He then asked for a hearing in order to present evidence and to interrogate the jurors. This request was also denied. Defendant assigns as reversible error the denial of his request for such hearing.

■ Here, moments before the verdict was to be announced, Defendant made a bare assertion that three of the jurors had testified falsely during *voir dire* examination. He presented no statements or facts to support his allegation and offered no explanation as to why he had waited until that point in the proceedings to make his claim. Under these circumstances, we find no abuse of discretion in the trial court's ruling.

In a somewhat similar situation, this Court in *Petitt v. State*, (1979) 272 Ind. 143, 150–151, 396 N.E.2d 126, 131–132, wrote:

"Defendant contends that he is entitled to a new trial because, according to him, one of the jurors knew him personally.

"The issue was raised by an unverified motion to correct errors, accompanied by a copy of two letters which Defendant had written to his counsel informing him of his prior relationship with one of the jurors.

"Trial Rule 59(D), incorporated by Criminal rule 16, requires that 'When a motion to correct errors is based upon evidence outside the record, the cause must be sustained by affidavits showing the truth thereof served with the motion.' In the case at bar, Defendant filed no such affidavit. However, he contends that since the information as to the juror was related to the trial court by counsel at his sentencing hearing, it was part of the record of proceedings, thus negating the need for an affidavit. We disagree. While there was some discussion between defense counsel and the court regarding the defendant's claim, there was no evidence introduced on the matter. The record does not reflect that Defendant ever testified under oath as to his allegations. Thus his contention is not properly before this Court. Furthermore, Defendant has failed to show that his newly discovered evidence is of such a nature that it would reasonably and probably have resulted in a different verdict; nor do the letters indicate why the defendant failed to recognize the juror until after the guilty verdict had been rendered."

Hence, Defendant, in his motion to correct errors, should have attached affidavits in support of his assertions. This he did not do.

With respect to the habitual offender finding and the sentence thereon, this cause is reversed and remanded for retrial and, in the event Defendant is found to be an habitual criminal, resentencing upon the Theft count. In all other respects the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.