**Rodney OLLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 3–184A22.**

Court of Appeals of Indiana,
Third District.

Dec. 17, 1984.

John M. Kopack, Gilyan, Hanson & Kopack, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

HOFFMAN, Judge.

In its Petition for Rehearing, the State, for the first time, raises the argument that IND.CODE § 9–11–4–14(b)(1), effective September 1, 1983, requires this Court to affirm Oller's conviction of Class D felony driving under the influence of intoxicating liquor. The felony charge was pursuant to IND.CODE § 9–4–1–54(b)[1] which enhances a Class A misdemeanor charge to a Class D felony if there are prior convictions since June 30, 1978. The jury found Oller guilty and at the second stage of the bifurcated trial found him to have prior convictions. This Court reversed the enhancement although a computer printout of Oller's driv-

---

1. Now see IND.CODE § 9–11–2–3.

2. This Court has previously held that computer printouts are admissible as they show arrests, but by themselves do not prove prior convic-

ing record obtained from the Bureau of Motor Vehicles was admitted into evidence. Relying upon the decisions in *Cunningham* and *Warner*,[2] this Court held that those computer printouts were ambiguous and only showed arrests. 469 N.E.2d 1227.

IND. CODE § 9–11–4–14(b)(1), provides that a certified copy of a person's driving record obtained from the Bureau of Motor Vehicles is prima facie evidence of previous convictions of operating while intoxicated. However, as was stated in *Warner*, where identical documents were admitted, "it cannot be ascertained from the face of the printout whether he was previously convicted of driving under the influence of alcohol." 406 N.E.2d at 973. Therefore, as a matter of law, such printouts, admitted into evidence in this cause, cannot be evidence of a conviction notwithstanding IND.CODE § 9–11–4–14(b)(1).

The Petition for Rehearing is denied.

Denied.

STATON, P.J., and GARRARD, J., concur.

---

tions. *Cunningham v. State,* (1982) Ind.App., 438 N.E.2d 308; *Warenr v. State,* (1980) Ind. App., 406 N.E.2d 971.