Ted JONES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–585A123.

Court of Appeals of Indiana,
Third District.

Sept. 10, 1985.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Ted Jones was convicted after a bench trial before The Honorable Philip R. Thieme of operating a motor vehicle while his driver's license was suspended. *See* IC 9-1-4-52.

The trial consisted of testimony by the arresting police officer that he observed Jones driving his automobile on June 29, 1984; that he identified Jones and made the arrest; and that the information on State's Exhibit 1 concerning the birthdate, address, and driver's license number of the Ted B. Jones referred to in the exhibit were the same as those given to the officer by the defendant. State's Exhibit 1, which was admitted over objection, in pertinent part disclosed the following:

| "DATE OF ACTION | POINTS | DESCRIPTION OF ACTION | COURT NO TERMINATION | DOCKET NO CASE NO | DOCUMENT REFERENCE NUMBER |
|---|---|---|---|---|---|
| 06/14/82 | . | SUSP S/R LS | 12/14/82 | 010442 C | 0424900 |
| 08/18/82 | | SUSP S/R ACC | 06/12/84 | 02010 C | 0597790 |
| 06/12/84 | | SUSP CLOSED | | 02010 C | 4116950 |
| 08/14/84 | * | CURRENT STATUS—SUSPENDED" | | | |

No oral testimony was offered in explanation of the record.

On appeal Jones asserts error in the admission of the exhibit. He additionally challenges the sufficiency of the evidence to sustain the conviction. We must agree with this latter contention.

The only record before the court indicates a suspension on June 14, 1982 that terminated December 14, 1982 and a suspension August 18, 1982 which was "closed" on June 12, 1984. From that it cannot be inferred beyond a reasonable doubt that Jones' license was suspended on June 29, 1984. Moreover, the bare conclusion "current status—suspended" listing August 14, 1984 as the "date of action," adds nothing to the evidentiary record concerning Jones' status on June 29, 1984, the alleged date of the offense.

It may be that Jones' license was suspended on June 29, 1984, but that fact does

not exist as a reasonable inference (as contrasted from conjecture or speculation) from the evidence produced at trial.[1]

Reversed and defendant ordered discharged.

STATON, P.J. and HOFFMAN, J. Concur.

---

1. It may be that after the expiration of the suspension period, and in the absence of any of the exceptions enumerated in the statute, Jones merely failed to pay the reinstatement fee required by IC 9–2–1–11. However, in such event he would merely have been guilty of driving without a valid license, IC 9–1–4–26, a Class C infraction. IC 9–1–4–53.