Robert FOSTER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 583S163.

Supreme Court of Indiana.

Nov. 8, 1985.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

On November 18, 1982, Defendant (Appellant) was convicted by a jury of forgery, a class C felony, Ind.Code § 35-43-5-2 (Burns 1985 repl.) and determined to be an habitual offender. Ind.Code § 35-50-2-8 (Burns 1985 repl.). The trial sentenced him to thirty-five (35) years imprisonment.

Defendant presents two claims of error in this direct appeal:

1. Fundamental error, not subject to waiver, in admitting evidence of incriminating admission made by Defendant during custodial interrogation conducted without advisements regarding his rights to counsel and against compulsory self incrimination.

2. Error in the admission into evidence of bank checks, other than the one that was the basis for the charged crime, over an objection that they were "irrelevant."

This appeal is from the second conviction of the Defendant upon the same charges, the prior conviction having been reversed by this court, 436 N.E.2d 783. The evidence revealed that Defendant and his brother took several blank payroll checks from their employer and by forging the employer's signature as payor, obtained money from the bank upon which the checks were drawn.

## ISSUE I

■ In the habitual offender phase of the trial, the State presented witness, Somers, who had previously served as probation officer of the court, and who during such tenure, had interviewed Defendant after his original conviction of forgery. She prepared a pre-sentence report for the original forgery conviction. Without objection, the witness related Defendant's admissions to having been convicted of and sentenced for the two charged felonies forming the basis of the habitual offender count. It also appears that the witness identified certified copies of certain court records bearing upon the relevant convictions and sentences which may have rendered error, if any, in admitting the witnesses' testimony harmless. However, because we find no

fundamental error in the admission of such evidence, we have made no attempt to determine whether or not such records were adequate for their presumed purpose.

■ Although the customary and preferred method of proving the habitual offender status is by certified copies of the relevant records, the status can be otherwise proven. See, *Driver v. State* (1984), Ind., 467 N.E.2d 1186, 1187.

Defendant contends that, inasmuch as he was in custody when the admissions were made to an officer of the court, who elicited them without having given prior *Miranda* warnings or having offered legal counsel, his right against compulsory self-incrimination and his right to counsel were impinged.

It is Defendant's position that the interpretation of federal constitutional protection enunciated in *Estelle v. Smith*, (1981) 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 is controlling. Estelle had been ordered, sua sponte, to submit to psychiatric examination for a determination of his competence to stand trial; and after a verdict of guilty, the psychiatrist was permitted, over objection, to testify in the sentence determination phase, notwithstanding that Estelle had not received *Miranda* warnings. The court held that the procedural safeguards regarding advisements and the exclusionary rule are as applicable in the sentencing phase as they are in the guilt determination phase of a trial.

In the case before us, however, no objection was made to the admission of the probation officer's testimony relating Defendant's admissions, hence the error may not be assigned on appeal. *Barnes v. State* (1971), 255 Ind. 674, 675, 266 N.E.2d 617.

■ Defendant also urges that since the federal courts decided *Estelle* on constitutional grounds that differed from that argued at trial, the decision implicitly holds that the violations there articulated are fundamental in nature and not subject to appellate procedural requirements. However, such is not the case. *Estelle* merely demonstrates that courts of review may sometimes go to the merits of a case, not-

withstanding the failure to satisfy procedural rules, if it deems such to be in the interest of justice. Error is not fundamental merely because it relates in some manner to the violation of a constitutional right. Rather, fundamental error is error such that, if not rectified, it would be a denial of fundamental due process. *Johnson v. State* (1979), 271 Ind. 145, 390 N.E.2d 1005. "To be catagorized as fundamental error and thus to transcent our procedural requirements, the error must be blatent and the potential for harm appear clearly and prospectively." *Nelson v. State* (1980), 274 Ind. 218, 220, 409 N.E.2d 637, 638. Here there is no question but that Defendant was an habitual offender, as defined by our statute. Not only has this fact not been challenged, it was acknowledged by Defendant in a conference before the bench, but outside the presence of the jury, at which he offered to launch collateral attacks against the convictions. Defendant had a right to exclude the evidence now complained of, but he also had a right to forego that right. Having elected the latter, it cannot be said that he has been denied fundamental due process.

## ISSUE II

■ During examination of its handwriting expert, the State introduced three checks that Defendant had allegedly forged but which were not subjects of the charging information. They had also been drawn on the account of Defendant's employer. They were cashed on the same date as was the check on which the information was based and were numbered sequentially with that check. Defendant objected to the admission of this evidence on the grounds that the additional checks were irrelevant, which in and of itself is an inadequate objection. *Woods v. State* (1974), 162 Ind.App. 316, 319 N.E.2d 688. The trial court overruled the objection and admitted the checks to show a common plan or scheme. Subsequently, Defendant's brother testified and said that they had cashed these checks. On appeal, Defendant also argues that even if the checks were relevant, they nevertheless prejudiced and confused the jury.

■ Although evidence that the accused committed other crimes is generally inadmissible when offered as substantive evidence of his guilt, such evidence is admissible when relevant to some issue material to the charge, such as intent or identity, or to show that the crime charged was a part of a common scheme or plan. The evidence is admissible notwithstanding the tendency to bias that inheres. *Stone v. State* (1972), 258 Ind. 435, 281 N.E.2d 799 and cases there cited. *Johnson v. State* (1983), Ind. 455 N.E.2d 897, 900; *Chittenden v. State* (1982), Ind., 436 N.E.2d 86, 87. Testimony from Defendant's brother revealed that he and Defendant had stolen several checks from their employer and planned to negotiate them by forgery. The evidence complained of corroborated that testimony. It also reinforced identification testimony given by employees of the bank where the checks had been cashed and evidenced that the Defendant forged and presented the check in issue with the requisite intent to defraud. Clearly, the evidence complained of was admissible.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.