**STATE of Indiana, Appellant,**

v.

**Douglas A. DYSON, Appellee.**

**No. 85A02–8704–CR–152.**

Court of Appeals of Indiana, Second District.

Feb. 1, 1988.

---

Linley E. Pearson, Atty. Gen., Jay Rodia Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, Eric K. Koselke, Bev Cummings, Deputy Public Defenders, Indianapolis, for appellee.

SULLIVAN, Judge.

The State appeals the trial court's dismissal of a charge for driving while suspended,[1] a class A misdemeanor, against defendant-appellee Douglas A. Dyson (Dyson), claiming the trial court erred as a matter of law.

We affirm.

The undisputed facts reveal that Dyson's driver's license was suspended on January 15, 1985, for failure to complete a defensive driving school as previously ordered by the trial court. The suspension of Dyson's driving privileges was for a period of one year or until he completed the defensive driving course.

On March 2, 1986, Dyson was arrested and charged with driving while suspended. Although one year had passed since Dyson's suspension had been ordered, he had not paid a ten dollar ($10) reinstatement fee required by I.C. 9-2-1-11(d) (Burns Code Ed.Supp.1987). Dyson moved to dismiss the charge claiming that he was no longer under suspension when the one-year period ended. The trial court agreed and dismissed the information charging Dyson with the offense of driving while suspended.

At the time Dyson's license was suspended the only term of that suspension was that he complete the defensive driving course. The term was amended to be for a maximum of one year, whether or not he completed the instruction course. The suspension did not include a provision that the end of the suspension depended upon payment of a reinstatement fee. When the term of the suspension expired the suspension was no longer in effect. *See State v. Martin* (1985) 4th Dist. Ind.App., 484 N.E. 2d 1309. When arrested, he might well have been subject to some sanction for failing to pay the reinstatement fee required by I.C. 9-2-1-11(d). He might well have been subject to prosecution for driving with an invalid license. He was not, however, driving while his license was under suspension. We adopt the following conclusion stated in *Jones v. State* (1985) 3d Dist. Ind.App., 482 N.E.2d 746, 747 n. 7:

> "It may be that after the expiration of the suspension period, and in the absence of any of the exceptions enumerated in the statute, Jones merely failed to pay the reinstatement fee required by IC 9-2-1-11. However, in such event he would merely have been guilty of driving without a valid license, IC 9-1-4-26, a Class C infraction. IC 9-1-4-53."

On the other hand, Dyson might well have been able to establish some reasonable explanation why the reinstatement fee had not been paid, or had not been received by the Bureau of Motor Vehicles, or that the records of the Bureau were in error.

In any event, the conclusion reached by the Third District in *Jones v. State, supra,* was a unanimous conclusion of the panel which included Judge Staton, the author of *Baldock v. State* (1978) 3d Dist., 177 Ind.

---

1. Indiana Code 9-1-4-52 (Burns Code Ed.Supp. 1987).

App. 355, 379 N.E.2d 539. In *Baldock*, the majority opinion, joined by Judge Buchanan, correctly observed that the period of defendant's suspension had expired and that although Baldock "was no longer technically within the suspension period, neither was he legally licensed." 379 N.E.2d at 541. This statement seems somewhat inconsistent with affirmance of a conviction for driving while suspended rather than driving without a valid license.

Be that as it may, Judge Garrard's position in *Baldock*, as stated in his separate opinion was adopted by Judges Staton and Hoffman in *Jones.*

For the foregoing reasons we affirm the dismissal of the charge.

HOFFMAN, J., concurs.

BUCHANAN, J., dissents with separate opinion.

BUCHANAN, Judge, dissenting.

The trial court should be reversed. In my view, the trial court erred in dismissing the information charging Dyson with the offense of driving while suspended. The language of Ind. Code 9–2–1–11(d) seems unambiguous:

"[n]o person, whose operating or registration privileges have been suspended or revoked by the bureau of motor vehicles through administrative action ..., shall have those privileges restored or renewed *until,* in addition to complying with all other requirements of law, *a reinstatement fee of ten dollars ($10) has been paid to the bureau.*"

(Emphasis supplied).

The majority rejects the only clear precedent that interprets the language of this statute. The Indiana Supreme Court denied transfer in *Baldock v. State* (1978), 177 Ind.App. 355, 379 N.E.2d 539, which presented the same issue raised here. Baldock's conviction for driving while suspended was affirmed even though the charge was for driving after the one-year suspension period had elapsed. Judge Staton aptly explained "[i]f all of the verbiage regarding the privilege of driving is to make any sense, then we must treat the removal of a suspension as an affirmative act necessary on the part of the suspended individual. He must pay his reinstatement fee; he must change his status under the law." *Id.* at 357, 379 N.E.2d at 541.

To rely on *Jones v. State* (1985), Ind. App., 482 N.E.2d 746, as the majority does, is a retreat from reality. The reality is that Dyson operated a vehicle without paying the reinstatement fee of ten dollars as required ("*shall*") by the statute. Any implication in *Jones* by way of dicta to the contrary is unpersuasive. *Baldock* should control.

In this case Dyson did receive a notice of suspension issued by the Bureau of Motor Vehicles informing him that IC 9–2–1–11(d) required that he pay a reinstatement fee before his license would be returned to him. The important part of interpreting this statute is that Dyson's operating privileges *have been* "suspended or revoked by the bureau...." Past tense. Whether he is technically still suspended or not is of no concern, because "those privileges" can only be restored or renewed by paying the reinstatement fee.