John W. FRINK, Petitioner,
(Appellant/Defendant
Below),

v.

STATE of Indiana, Respondent
(Appellee/Plaintiff Below).

No. 83S01–9103–CR–218.

Supreme Court of Indiana.

March 19, 1991.

Stephen L. Trueblood, Bruce D. Aukerman, Terre Haute, Malcolm H. Aukerman, Newport, for appellant/defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee/plaintiff.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

This cause came to us pursuant to a petition to transfer filed by Defendant–Appellant John Frink ("Frink"). Frink was arrested June 13, 1987, and was later charged with Driving While License Suspended, Resisting Law Enforcement, Battery, Reckless Driving, and Operating a Vehicle While Intoxicated ("DWI"). Frink was convicted of all charges except the DWI. The Court of Appeals, in a memorandum decision, affirmed. Frink alleges five errors in his Petition to Transfer to this Court:

1. Validity of Informations and Affidavits for Probable Cause;

2. Admissibility of Frink's driving record;

3. Improper exclusion of defense witnesses;

4. Propriety of conviction for Driving While License Suspended for failing to pay reinstatement fee; and

5. Timeliness of amendments to charging informations.

We now grant transfer in order to resolve an apparent conflict among the districts of the Court of Appeals with regard to the fourth issue raised, and hold that a defendant cannot be convicted of Driving While License Suspended after the suspension period has passed, even where, as here, a defendant operates his vehicle before his license is re-issued.

### I. *Informations and Affidavits*

Frink first contends that the trial court should have granted a dismissal of all charges, based on defects in the informations and probable cause affidavits, because they did not contain notarizations as required by Ind.Code §§ 35–34–1–2 and 35–33–5–2. These documents did contain, however, verifications which complied with Ind. Trial Rule 11(B) (adapted to criminal proceedings by Ind.Code § 35–34–1–2.4 in 1988). In addition, Frink argues that the trial court never made a valid probable cause determination because the order book did not specify that it found probable cause to exist. The trial court did, however, order an arrest warrant to be issued. We agree with the Court of Appeals' resolution of this matter wherein that court refused to reverse for technical errors in the information and affidavits because the purpose of the oath requirement was fulfilled. In addition, this Court has consistently held that the decisions of a trial judge are accorded a presumption of regularity. *See, e.g., Hammons v. State* (1986), Ind., 496 N.E.2d 1284, 1285 (sentencing determination). Moreover, if an affidavit is uncontradicted, the reviewing court must accept its contents as true. *Majko v. State* (1987), Ind., 503 N.E.2d 898, 900–901. In *Majko,*

this Court held that appellant was entitled to an evidentiary hearing on the question of probable cause for the arrest warrant where a witness recanted his original statement to police. However, such is not the case here. Since Frink does not challenge the content of the probable cause affidavits, we must accept them as true. These affidavits support the probable cause finding of the trial court below.

Frink presents no reversible error on this issue.

## II. *Admissibility of Driving Record*

■■■ Frink next argues that the trial court erred in allowing introduction into evidence of his entire driving record in order to prove that his license was suspended. Frink correctly states that evidence of prior crimes is inadmissible to prove commission of the crime charged. However, as the Court of Appeals noted, (1) the jury was admonished to disregard the prior offenses listed on the record which was in evidence merely to prove that Frink's license was suspended, and (2) the jury evidently followed the admonishment because it acquitted Frink on the DWI charge, despite the two prior DWIs listed on the driving record. Because no prejudice resulted, we agree with the Court of Appeals' resolution of this issue, but we also should state that we believe that the better practice would be to conceal the surplus information regarding prior offenses prior to the documents being passed to the jury.

## III. *Exclusion of Witnesses*

■■ Third, Frink contends that the Court of Appeals erred in upholding the trial court's decision to exclude his witnesses and exhibits from the evidence because of Frink's failure to comply with the discovery order which required completion of discovery days after trial began and after the State rested its case. We agree with the Court of Appeals that the trial court complied with the hearing requirements set out in *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, and that any other remedy for Frink's discovery violation would be inappropriate. Exclusion was the proper remedy.

## IV. *Sufficiency of the Evidence*

■■ Frink argues that there was insufficient evidence to support his conviction of driving while license suspended. Frink asserts that, once the period for his driver's license suspension expired, he could not be found to be driving while license suspended even though he did not pay the $10 fee for reinstatement of his license. The Court of Appeals first held Frink waived any errors alleged in his Supplement to Motion to Correct Errors (said supplement containing references to *State v. Dyson* (1988), Ind. App., 518 N.E.2d 812; *State v. Martin* (1985), Ind.App., 484 N.E.2d 1309; and *Jones v. State* (1985), Ind.App., 482 N.E.2d 746) because it was filed late. The court then addressed his sufficiency claim and held that sufficient evidence existed to support Frink's conviction for driving while license suspended.

We first note that the record indicates Frink's Supplement to Motion to Correct Errors was timely filed. Therefore, the cases cited in the Supplement should be addressed (which was, in fact, done by the Court of Appeals). Secondly, we must disagree with the Court of Appeals' conclusion that sufficient evidence existed to support the conviction of driving while license suspended. We, therefore, grant transfer on this issue to resolve an apparent conflict among the districts of the Courts of Appeals.

Two cases cited by Frink, *State v. Martin* (1985), Ind.App., 484 N.E.2d 1309, and *Jones v. State* (1985), Ind.App., 482 N.E.2d 746, are distinguishable from the present case. In *Martin*, the defendant's license was suspended without his receiving prior notice. Because this constituted a violation of his procedural due process rights, the suspension was void and, therefore, the defendant could not be convicted of driving while license suspended. 484 N.E.2d at 1313–14. In *Jones*, the defendant's driving record indicated his suspension was "closed" on June 12, 1984. His alleged offense occurred on June 29, 1984, and his record showed "current status—suspended" as of August 14, 1984. The court

found the August 14 statement of license suspension to be insufficient evidence of that status on June 29. 482 N.E.2d 746. In the present case, no such notation exists on Frink's record, nor was Frink's license suspended without prior notice to him.

However, *State v. Dyson* (1988), Ind. App., 518 N.E.2d 812, also relied upon by Frink, is directly analogous. The Court of Appeals in *Dyson* held that once the suspension period expired for a suspended license, a driver could not then be convicted of driving while license suspended, even if the driver had not paid the reinstatement fee. *Id.* at 813. Judge Buchanan dissented on the basis of Ind.Code § 9–2–1–11(d) (now codified at Ind.Code § 9–2–1–11(c)) which states:

> (d) No person, whose operating or registration privileges have been suspended or revoked by the bureau of motor vehicles through administrative action under this title or any other provision of law providing for an administrative suspension of a person's operating or registration privileges for motor vehicles, shall have those privileges restored or renewed until, in addition to complying with all other requirements of law, a reinstatement fee of ten dollars ($10) has been paid to the bureau. This reinstatement fee is in addition to all other fees and charges imposed by law.

There is a clear conflict of opinion in the Court of Appeals regarding this issue. *Compare Martin, Jones,* and *Dyson, supra, with Baldock v. State* (1978), 177 Ind. App. 355, 379 N.E.2d 539, and the present memorandum decision (affirming conviction even though arrest came after suspension period elapsed). We believe that the better reasoning is as stated in *State v. Dyson* and that Frink should not have been convicted of Driving While License Suspended. The State could have properly charged him with operating without a valid operator's license in violation of Ind.Code § 9–1–4–26, but not driving while license suspended, because the suspension period had passed. All that Frink needed to do in order to be properly licensed was to pay the $10 fee as required by statute. Simply stated, as of the date of the alleged offense, his license was no longer suspended, even though it had not been re-issued.

For these reasons we reverse Frink's conviction on this charge.

## V. *Amendment to Charging Information*

 Frink's final argument is that the trial court erred in allowing the State to amend its charging informations a few days before trial, without holding a hearing on the proposed amendments. The changes in the informations were additions of notarizations instead of the original verifications. The Court of Appeals refused to reverse and correctly concluded that this was a change in form and not substance. But the Court of Appeals incorrectly stated that no hearing on the proposed changes was required by Ind.Code § 35–34–1–5(d) which states:

> (d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section [before omnibus date], the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

However, as Frink has not shown prejudice to him by this technical error, we agree with the result reached by the Court of Appeals.

Accordingly, we now deny oral argument, grant transfer, vacate the memorandum decision of the Court of Appeals, reverse the Driving While License Suspended conviction, affirm the other convictions, and remand this matter to the trial court for further proceedings.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in granting transfer, but dissents without opinion on the merits.