**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Maury TURNER, Defendant–Appellant.**

Nos. 02–3437, 02–3438.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 16, 2003.

Decided Dec. 17, 2003.

David E. Hollar, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Robert A. Handelsman, Chicago, IL, for Defendant–Appellant.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Maury Turner was pulled over on suspicion of driving with a suspended license. During the stop, officers found drugs on Turner and in his vehicle. Turner was indicted on one count of possession of crack and filed a motion to suppress, which the court denied. Turner then pleaded guilty but reserved his right to challenge the denial of his motion to suppress, which is the subject of this appeal. Turner also, in an unrelated case, appealed his conviction for possession and distribution of crack. We consolidated the appeals, but Turner does not raise any issues with regard to his second conviction. His sole argument is that the district court clearly erred in crediting the officers' testimony at his suppression hearing. We affirm.

The details of the stop are as follows. Officers Mark Brooks and Larry Tague were stopped at a light when Turner passed through the intersection. Brooks thought he saw someone slumped over in the passenger seat so he pulled out and followed Turner while Tague ran Turner's license plates on the police cruiser's computer. The computer inquiry—which displayed a picture of Turner—showed that the vehicle was registered to him at a Fort Wayne address, and that his Indiana oper-

ator's license had expired five years before and was suspended. The computer also showed that he had recently renewed his Indiana state I.D. card and that, although his license-suspension period was over, he had not yet paid the fee required to reinstate it. The officers decided to stop Turner for driving with a suspended license.

When they approached the vehicle, both officers smelled alcohol and noticed that Turner's eyes were watery and blood-shot. When asked for identification, Turner showed Brooks an Alabama commercial driver's license. His passenger, Korta Queary, identified himself as "Breck Queary." Ironically Brooks knew that was a lie—he knew Breck (Korta's brother) from past investigations—so the officers arrested him for "false informing," *see* Ind. Code § 35–44–2–2; *Howell v. Indiana*, 684 N.E.2d 576 (Ind.Ct.App.1997). The officers put Queary in the squad car and returned to Turner's vehicle to arrest him for driving with a suspended license. While Tague was removing Turner from the vehicle, Brooks noticed a baggie containing a white powdery substance underneath the center console armrest. Brooks showed the baggie to Tague and Turner took off running. The officers followed and caught him a couple of blocks later. The officers then searched him and found both crack and marijuana.

After he was indicted for crack possession, Turner moved to suppress the drugs. He alleged that the stop was pretextual and made without reasonable suspicion or probable cause in violation of the Fourth and Fourteenth Amendments.

At the suppression hearing, both officers testified to substantially the same scenario, with a few minor inconsistencies. The court found that the officers' testimony was entirely credible except on one point: the court found it improbable that the officers were able to match Turner to his picture on their car's computer before they pulled him over. Nonetheless, the court concluded the officers still had probable cause to stop Turner after they discovered that his license was suspended. The court then found that when Queary gave the officers a false name, they had a sufficient basis to continue the stop and search the vehicle. Based on this view of the evidence, the court denied Turner's motion to suppress.

Turner's sole contention on appeal is that the district court should have discredited both officers' testimony because of their inconsistent recollections. In challenging the court's credibility determinations, Turner faces a demanding standard of review. *United States v. Mancillas*, 183 F.3d 682, 710 (7th Cir.1999) (a court's credibility determinations should be upheld unless it credits "exceedingly improbable testimony"). To support his challenge, Turner lists a number of alleged inconsistencies in the officers' testimony: (1) Brooks testified that both officers saw Queary hunched over in the passenger seat as Turner's vehicle passed their cruiser, but Tague denied seeing this; (2) each officer stated that he was the one that asked Queary his name; (3) Brooks testified that Queary had a 12–ounce beer bottle between his legs, Tague saw a 40–ounce; (4) Brooks said he was outside the car when he saw the plastic baggie containing cocaine but Tague said Brooks was inside the car; (5) Brooks's report of the incident did not mention the presence of alcohol or the baggie of cocaine at the scene; (6) both officers said that Turner was visibly drunk, but they did not administer any sobriety tests; and (7) both officers testified that the baggie of cocaine was found directly after they removed Turner from the car, but a report by a DEA agent stated that the cocaine was found in a later inventory search.

All of these allegations either mischaracterize the record or are minor and irrelevant to the court's ultimate determination that the stop was proper. For instance, the DEA agent stated that the baggie was found not in a "later" inventory search, but when Brooks searched the vehicle. And even though Brooks posited that he saw Queary with a 12–ounce beer can, he also testified that the can was the "larger" kind—an observation consistent with Tague's description of a 40–ounce.

In any event, the court considered most of these alleged inconsistencies and determined that they were irrelevant or understandable because the officers' attention during the stop focused on Turner's flight and the drugs found on him after the chase. The court upheld the stop based essentially on two relevant facts: that Turner's suspended license gave the officer's probable cause to make the stop, and Queary's false information gave them a valid reason to continue it. The officers' testimony on the other factual details that Turner complains about, even if slightly inconsistent, was not necessary to support the court's ultimate findings. The court did not credit any testimony that was "exceedingly improbable." Thus the court's credibility determinations were not clearly erroneous.

In his reply brief Turner raises another argument–that the stop was not lawful because his period of suspension was over and he could not have been charged with driving while suspended under Indiana law. *See Frink v. State*, 568 N.E.2d 535, 538 (Ind.1991). In other words, the officers' belief that they could charge him with such an offense was a mistake of law, and he argues that reasonable suspicion cannot be premised on a police officer's

mistake of law. But we need not address this argument because Turner waived it when he did not raise it in his opening brief.

AFFIRMED