**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU**
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 21 2013, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID PURLEE,                    )
                                 )
    Appellant-Defendant,         )
                                 )
        vs.             )      No. 88A01-1210-IF-458
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-1007-IF-1053

**February 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On July 25, 2010, David Purlee was pulled over while driving and cited for driving while suspended in violation of Indiana Code section 9-24-19-1. After both Purlee and his counsel failed to appear for numerous proceedings before the trial court, including a bench trial scheduled for September 19, 2012, the trial court entered a default judgment against Purlee. Purlee filed a motion to set aside the default judgment. He appeals after this motion was denied by the trial court. Concluding that the trial court erroneously denied Purlee's motion to set aside the default judgment, we reverse the judgment of the trial court and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On July 25, 2010, Purlee was pulled over while driving and was issued a citation for driving while suspended. The citation indicated that Purlee was ordered to appear for a hearing before the trial court on September 15, 2010. On July 27, 2010, the State charged Purlee with driving while suspended in violation of Indiana Code section 9-24-19-1 (2010).

Purlee failed to appear for the September 15, 2010 hearing. On October 19, 2010, the trial court sent a SR-16 Certification of Indiana Abstract of Court Record ("SR-16 form")[1] to the BMV, notifying the BMV that Purlee had failed to appear for the September 15, 2010

---

[1] A SR-16 form is a form used by the trial court to communicate official actions of the court to the Bureau of Motor Vehicles ("BMV"). According to the BMV's website, a SR-16 form

> is used by courts to notify the BMV that a driver has been convicted of a citation, failed to appear for a citation, or failed to pay a citation for violating a motor vehicle law. This form also notifies the BMV when orders have been rescinded. Drivers may not submit SR-16 forms at license branches. SR-16 forms may only be submitted by a court directly to the BMV.

See http://www.in.gov/bmv/2373.htm (last visited February 6, 2013).

hearing. On December 7, 2010, Purlee, by counsel, filed a request to vacate the SR-16 certification and to set the matter for a pre-trial conference. The trial court granted Purlee's request and scheduled a pre-trial conference for February 16, 2011. Both Purlee and his counsel failed to appear for the February 16, 2011 pre-trial conference. On March 23, 2011, the trial court sent a second SR-16 form to the BMV, notifying the BMV that Purlee had failed to appear for the February 16, 2011 pre-trial conference.

Approximately nine months later, Purlee, by counsel, again filed a request to vacate the SR-16 certification and to set the matter for a pre-trial conference. The trial court granted Purlee's request and scheduled a pre-trial conference for January 18, 2012. During the January 18, 2012 pre-trial conference, the trial court scheduled a hearing on the matter for March 21, 2012.

Purlee appeared for the March 21, 2012 hearing, but his counsel did not. The trial court noted that the matter had been pending since July of 2010 and continued on with the hearing in Purlee's counsel's absence. During the March 21, 2012 hearing, the trial court heard the testimony of the officer who issued the citation to Purlee on July 25, 2010.

On March 26, 2012, Purlee, by counsel, filed an objection to the March 21, 2012 hearing as well as a demand for a jury trial. The State filed a response to this pleading on March 29, 2012. On August 9, 2012, the trial court denied Purlee's demand for a jury trial and scheduled the matter for a bench trial on September 19, 2012.

Both Purlee and his counsel failed to appear for the bench trial on September 19, 2012. In light of Purlee's failure to appear, the State requested, and the trial court granted, a

default judgment against Purlee. The trial court subsequently sent another SR-16 form to the BMV, notifying the BMV that Purlee had failed to appear for the September 19, 2012 bench trial.

On October 2, 2012, Purlee, by counsel, filed a motion to set aside the default judgment. The trial court denied Purlee's motion to set aside the default judgment on October 9, 2012. This appeal follows.

## DISCUSSION AND DECISION

Purlee raises two contentions on appeal. Purlee contends that the trial court erred in ruling on his motion to set aside the default judgment without first conducting a hearing on said motion. Purlee also contends that the trial court erred in denying his request to set aside the default judgment.

### I. Whether the Trial Court Erred in Ruling on Purlee's Motion to Set Aside the Default Judgment Without First Conducting a Hearing on Said Motion

Purlee contends that the trial court erred by failing to conduct a hearing before ruling on his motion to set aside the default judgment. Indiana Trial Rule 60(D) provides that a trial court should hear "all pertinent evidence" before ruling on a motion to set aside a default judgment. However, we have previously concluded that when such pertinent evidence is presented to the trial court on a paper record, the trial court is not required to conduct a hearing. *See Williams v. Tharp*, 934 N.E.2d 1203, 1214-15 (Ind. Ct. App. 2010), *trans. denied*. In the instant matter, Purlee submitted all pertinent evidence, as well as relevant authority in support of his position, to the trial court with his motion. Because Purlee has

4

failed to direct us to any pertinent evidence that was not before the trial court when it ruled on his motion to set aside the default judgment, we conclude that the trial court did not err by failing to conduct a hearing before ruling on Purlee's motion.

## II. Whether the Trial Court Erred in Denying Purlee's Motion to Set Aside the Default Judgment

Purlee also contends that the trial court erred in denying his motion to set aside the default judgment. "Upon a motion for relief from the default judgment, the burden is on the movant to show sufficient grounds for relief under [Trial Rule] 60(B)." *Jostens Learning Corp. v. Educ. Sys. Corp. of Ind.*, 651 N.E.2d 1186, 1188 (Ind. Ct. App. 1995), *trans. denied.* "A trial court's denial of a motion for relief filed in accordance with Indiana Trial Rule 60(B) is ordinarily reviewed for an abuse of discretion." *Baird v. Lake Santee Reg'l Waste & Water Dist.*, 945 N.E.2d 711, 714 (Ind. Ct. App. 2011) (citing *Case v. Case*, 794 N.E.2d 514, 517 (Ind. Ct. App. 2003)). However, when a trial court rules on such a motion on a paper record without conducting an evidentiary hearing, as it did here, the standard of review on appeal is *de novo*. *Id*. (citing *Williams*, 934 N.E.2d at 1215). "The rationale for *de novo* review is that the appellate court is in as good a position as the trial court to determine the force and effect of [the] evidence." *Id*. (citing *Williams*, 934 N.E.2d at 1215). "When reviewing the denial of a motion to set aside a default judgment, we seek to balance the need for finality of judgments and judicial efficiency with our 'marked preference for deciding disputes on their merits and for giving parties their day in court." *Butler v. State*, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (quoting *Bunch v. Himm*, 879 N.E.2d 632, 635 (Ind. Ct. App.

5

2008)).

Trial Rule 60(B) sets forth eight different criteria, each of which, if proven, would justify relief from a default judgment. Although Purlee's motion to set aside the judgment is vague, it appears that Purlee claims to be entitled to relief under Indiana Trial Rule 60(B)(6) and (8), which provide relief, respectively, on the ground that the judgment is void and on any ground justifying relief from the operation of the judgment other than those specifically set forth in subparagraphs (1), (2), (3), or (4).[2]

> To succeed under [Trial Rule] 60(B)(6), the petitioner must show that the judgment is void not merely voidable. *Chapin v. Hulse*, 599 N.E.2d 217, 219 (Ind. Ct. App. 1992), *trans. denied*. If an instrument or judgment is void, it is of no effect whatever and is subject to collateral attack at any time. [*Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind. Ct. App. 1998) (Garrard, J., dissenting), *trans. denied*]. On the other hand, if an instrument or judgment is merely voidable, its deficiencies may be waived and it is subject only to direct, and not collateral, attack. *Id*. Nevertheless, a voidable judgment would still qualify under [Trial Rule] 60(B)(8) even if it did not fall under [Trial Rule] 60(B)(6).

*Standard Lumber Co. of St. John, Inc. v. Josevski*, 706 N.E.2d 1092, 1095-96 (Ind. Ct. App. 1999).

In addition to proving that he is entitled to relief under Trial Rule 60(B), Purlee must also demonstrate a meritorious defense.

> A meritorious defense for the purposes of [Trial] Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." [*Bunch*,

---

[2] Subparagraphs (1) through (4) provide relief for the following reasons: "(1) mistake, surprise, or excusable neglect; (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; and (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings." Trial Rule 60(B).

6

> 879 N.E.2d at 637]. Absolute proof of the defense is not necessary, but there must be "enough admissible evidence to make a prima facie showing" that "the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand." *Id*.

*Butler*, 933 N.E.2d at 36.

Purlee claims that the trial court erred in denying his motion to set aside the default judgment because he was "unquestionably convicted of an offense he did not commit." Appellant's Br. p. 1. Purlee admits that he was disqualified from holding a valid Indiana driver's license on the date in question, but argues that his BMV-generated driving record indicates that his driving privileges were "disqualified," not suspended, on July 25, 2010. Thus, Purlee claims that he could not have been convicted of driving while suspended.

Indiana Code section 9-24-19-1 provides that an individual is guilty of "driving while suspended" as a Class A infraction if he "operates a motor vehicle upon a highway while [his] driving privilege, license, or permit is suspended or revoked." Purlee attached his BMV-generated driving record, as well as a copy of the citation issued to him on July 25, 2010, to his motion to set aside the default judgment. Purlee claims that his driving record proves that his driving privileges were not suspended on the date in question, but rather that he was merely "disqualified" from having a valid driver's license. Purlee also attached a copy of the Indiana Supreme Court's opinion in *Frink v. State*, 568 N.E.2d 535 (Ind. 1991), which he claims establishes that one cannot be found guilty of driving while suspended if the driving did not occur during an active suspension period.

In *Frink*, the Indiana Supreme Court reversed the defendant's driving while suspended

conviction, finding that the evidence was insufficient to sustain a finding that defendant drove a motor vehicle while his driver's license was suspended. 568 N.E.2d at 538. The Supreme Court determined that the relevant evidence demonstrated that although Frink's license had previously been suspended and Frink did not have a valid driver's license at the time he was pulled over because he had failed to pay the required reinstatement fee, the suspension period had expired prior to the date in question. *Id.* Upon considering the relevant evidence, the Supreme Court determined that the State could have properly charged Frink with operating a vehicle without a valid operator's license in violation of Indiana Code 9-1-4-26,[3] but not driving while suspended, because the suspension period had passed. *Id.*

Similarly, here, review of Purlee's certified driving record demonstrates that Purlee's driver's license was not suspended on July 25, 2010. Purlee's driving record indicates that prior suspension periods had expired prior to July 25, 2010, and subsequent suspension periods had not yet gone into effect. While Purlee's driving record does indicate that Purlee was "disqualified" from holding a valid driver's license on the date in question, the State has presented no authority suggesting that a "disqualification" is the same as a "suspension." As such, we conclude that Purlee could not be convicted of driving while suspended. *See id*; *State v. Dyson*, 518 N.E.2d 812, 813-14 (Ind. Ct. App. 1988) (providing that an individual cannot be convicted of driving while suspended after the suspension period has expired).

We conclude that the trial court erred in denying Purlee's motion to set aside the default judgment because the pertinent evidence demonstrates that Purlee was entitled to

---

[3] We note that Indiana Code section 9-1-4-26 was subsequently repealed.

relief under Trial Rule 60(B)(8) and that Purlee presented a meritorious defense. We therefore reverse the judgment of the trial court and remand for further proceedings consistent with this decision.

The judgment of the trial court is reversed and the matter remanded for further proceedings.

NAJAM, J., and FRIEDLANDER, J., concur.