**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 20 2013, 5:58 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TIMOTHY G. WHITE**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY G. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 09A04-1203-CR-140 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CASS CIRCUIT COURT
The Honorable Leo T. Burns, Jr., Judge
Cause No. 09C01-0812-FB-8

**December 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Timothy White appeals the denial of his petition for jail time credit. We affirm.

## Issues

White raises two issues, which we restate as:

I.      whether the trial court was required to grant his petition for jail time credit when the State failed to respond to it; and

II.     whether the trial court properly concluded White was not entitled to any jail time credit.

## Facts

On December 17, 2008, the State charged White in the instant case with one count of Class B felony burglary, one count of Class D felony theft, and two counts of Class D felony receiving stolen property. The State later added another Class B felony burglary charge against White under the same charging information. White was held in the Cass County Jail at the time these charges were filed, and he remained there. On February 25, 2009, while White was still in jail, the State filed a separate charging information against him for four counts of Class B felony burglary and four counts of Class D felony theft under cause number 09C01-0902-FB-1 ("FB-1"). FB-1 was filed in the same trial court as the instant case.

On January 28, 2010, White pled guilty in the instant case to two counts of Class B felony burglary. On that same date, he also pled guilty in the FB-1 case to one count of Class B felony burglary. The trial court conducted a sentencing hearing in both cases on February 25, 2010. In the FB-1 case, it sentenced White to a term of ten years, with four

2

years suspended, and awarded him 439 days of presentencing jail time credit. In the instant case, it sentenced him to a term of ten years, with four years suspended, on both convictions. The sentences were to be served consecutive to each other and to the sentence in FB-1. The trial court awarded White no jail time credit in the instant case.

On September 14, 2011, White filed a petition asking to be awarded 439 days of presentencing jail time credit in the instant case, along with an affidavit of service upon the State. The State never filed a response to this petition. On January 12, 2012, White filed a "Notice of Default" asserting that he was entitled to be awarded the 439 days of credit because of the State's failure to respond to his petition. App. p. 19. On January 27, 2012, the trial court denied White's petition for jail time credit. White now appeals.

**Analysis**

*I. State's Failure to Respond*

We first address White's argument that the trial court should have entered a "default judgment" against the State when it failed to respond to his petition for jail time credit. It would have been preferable if the State had responded to White's petition. However, we do not believe its failure to do so required the trial court to grant the petition.

In support of his claim that the State "defaulted" by not responding to his petition for jail time credit, White cites Soffar v. Johnson, 237 F.3d 411 (5th Cir. 2000), and Frink v. State, 568 N.E.2d 535 (Ind. 1991). Regarding Soffar, White fails to make any argument as to why this Fifth Circuit case should apply to a matter of Indiana criminal procedure.[1]

---

[1] Also, the Soffar opinion White cites was vacated on rehearing en banc, meaning it is not valid authority even in the Fifth Circuit. See Soffar v. Cockrell, 300 F.3d 588 (5th Cir. 2002).

Regarding Frink, it stated that "if an affidavit is uncontroverted, the reviewing court must accept its contents as true." Frink, 568 N.E.2d at 536. This statement, however, explicitly referred to a defendant's ability to challenge an allegedly defective probable cause affidavit. Id. at 536-37. It does not stand for the proposition that a trial court must grant any motion that goes unchallenged by an opposing party.

Rather, an affidavit or motion may be contradicted by the record itself, even if the opposing party does not directly contradict it. See Lopez v. State, 527 N.E.2d 1119, 1128 (Ind. 1988); see also 22A C.J.S. Criminal Law § 608 ("While failure to oppose a motion may have a bearing on a court's determination of the motion, an unopposed motion may not be granted unless the court is satisfied that the legal standards for granting the motion have been met"). Here, the trial court, which sentenced White in both the instant case and FB-1 on the same date, was entitled to take judicial notice of the fact that he already received 439 days of jail time credit in FB-1. See Ind. Evidence Rule 201(b)(5) (providing courts may take judicial notice of "records of a court of this state . . . ."). In the face of this record, the trial court was not required to blindly accept that White also was entitled to 439 days of jail time credit in the instant case, and it was not precluded from denying his petition.

White also seems to contend that the trial court itself was "in default by not ruling on [his motion] for over 4 months . . . ." Appellant's Br. p. 5. However, the trial court's delay in ruling on the motion was not erroneous. Indiana Trial Rule 53.1(A) provides generally that a trial court has thirty days after a motion is filed to rule on the motion if no hearing is required or to set it for hearing if one is required. However, post-conviction

4

relief petitions are exempt from this time limit. Ind. Trial Rule 53.1(B)(4). Our supreme court has construed motions to correct erroneous sentences, such as White's, as post-conviction relief petitions for purposes of Trial Rule 53.1(B)(4) and, therefore, they are exempt from the thirty-day time limit. See State ex rel. Gordon v. Vanderburgh Circuit Court, 616 N.E.2d 8, 9 (Ind. 1993). Moreover, if White believed the trial court was taking too long to rule on his motion, he would have been required to seek a mandate from our supreme court seeking removal of a "lazy judge" under Trial Rule 53.1(A) and could not wait until after receiving an unfavorable ruling to claim inordinate delay in issuance of the ruling. See Williams v. State, 716 N.E.2d 897, 900-01 (Ind. 1999). The trial court's delay in ruling on White's petition did not require that it be granted.

## II. Denial of Credit Time

We next address the merits of the trial court's denial of White's petition for jail time credit.[2] A person who is jailed or confined awaiting trial and sentencing earns one day of credit time against his or her eventual sentence for each day of confinement. Hall v. State, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011) (citing Ind. Code §§ 35-50-6-3, 35-50-6-4(a)), trans. denied. "Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." Id. Such credit is not discretionary, but a matter of statutory right. Id.

---

[2] The State makes no argument that White should have filed a petition for post-conviction relief instead of a petition for jail time credit or motion to correct erroneous sentence, pursuant to Robinson v. State, 805 N.E.2d 783 (Ind. 2004). Thus, we will address the denial of White's petition on the merits.

5

A period of presentencing confinement may be the result of more than one offense when a defendant is incarcerated on multiple unrelated charges at the same time. Id. "If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term." Id. If, however, a defendant is convicted of multiple offenses and sentenced to consecutive terms for each, the presentencing jail credit is applied only against the aggregate sentence, not each separate sentence. Id. It is irrelevant whether a consecutive sentencing order was statutorily-mandated or discretionary. Id.

White was jailed while awaiting trial and sentencing in both the instant case and FB-1. The record here is clear that the trial court ordered the sentence in the instant case to be served consecutive to the sentence in FB-1. White was awarded 439 days of presentencing jail time credit in FB-1.[3] As such, he received the full amount of credit time to which he was entitled because it was applied to his aggregate sentence in the instant case and FB-1. The trial court was not required to award the credit time against White's sentence in the instant case, which would have resulted in an improper double award of credit time. See id. at 543. Therefore, it properly denied White's petition for jail time credit.

**Conclusion**

---

[3] As noted by the State, December 17, 2008—the date of charging in the instant case—to February 25, 2010—the date of sentencing in both cases—was a span of 436 days. It is unclear why there is a three-day discrepancy in the amount of credit time awarded, but the State does not seek a reduction in the amount of credit time. Also, it technically may have been more correct to award the 439 days of credit time in the instant case as opposed to FB-1, because White was not charged in that case until February 25, 2009. Regardless, the end result is the same with respect to White's aggregate sentence and the amount of credit time he was awarded.

The State's failure to respond to White's petition for jail time credit and the trial court's delay in issuing a ruling did not mandate the granting of the petition. On the merits, White received all the credit time to which he was entitled when the trial court awarded him 439 days of credit against his sentence in FB-1 and ordered his sentence in the instant case to be served consecutive to the FB-1 sentence. We affirm.

Affirmed.

ROBB, C.J., and BROWN, J., concur.